Ian Landsberg (SBN 137431)
Brigitte Gomelsky (SBN 255717)
**LANDSBERG & ASSOCIATES**
**A Professional Law Corporation**
16030 Ventura Blvd. Ste. 470
Encino, CA 91436
Telephone:  (818) 855-5900
Facsimile:   (818) 855-5910
Email: ilandsberg@landsberg-law.com

Craig G. Margulies (SBN 185925)
Fahim Farivar (SBN 252153)
**THE MARGULIES LAW FIRM, APLC**
16030 Ventura Boulevard, Suite 470
Encino, California 91436
Telephone:  (818) 705-2777
Facsimile:   (818) 705-3777

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No.  2:08-bk-13518-PC |
| ESTYLE, INC., a Delaware corporation dba babystyle, Cadeau and Cadeau Designs, | Chapter 11 |
| | **NOTICE OF THIRD OMNIBUS MOTION AND MOTION FOR AN ORDER APPROVING SETTLEMENTS BETWEEN PLAINTIFF OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS AND THE FOLLOWING DEFENDANTS:** |
| Reorganized Debtor. | |
| | ABD Insurance and Financial Services |
| | Acerno, Inc. / Akamai |
| | Aetna, Inc. |
| | Bugaboo North America |
| | City Threads |
| | Experian |
| | JJ Cole Collections |
| | UPS Capital Corporation d/b/a and a/k/a UPS |
| | Ten Speed Press |
| | Petunia Pickle Bottom |
| | Regency Lighting |
| | Under the Nile |
| | ORE Originals |

1

2

3

4

5

6

7

8

9

10

11

|  | ) |
| --- | --- |
|  | ) Sassafras |
|  | ) Kent H. Landsberg |
|  | ) Million Dollar Baby |
|  | ) Zansu |
|  | ) |
|  | ) **MEMORANDUM OF POINTS AND AUTHORITIES;** |
|  | ) **DECLARATIONS IN SUPPORT** |
|  | ) |
|  | ) <u>Hearing:</u> |
|  | ) Date:    July 19, 2011 |
|  | ) Time:    9:30 a.m. |
|  | ) Ctrm:    "1539" |
|  | ) |
|  | ) |

**TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE ABOVE-REFERENCED DEFENDANTS AND ALL OTHER INTERESTED PARTIES:**

　　**PLEASE TAKE NOTICE** that on July 19, 2011 at 9:00 a.m. in Courtroom "1539" before the Honorable Peter H. Carroll, United States Bankruptcy Judge, in the United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, California, pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Bankruptcy Rule 9013-1, the Official Committee of Unsecured Creditors (the "Committee") for the bankruptcy estate of Estyle, Inc., the debtor and debtor in possession in the above-captioned case ("Estyle"), hereby moves this Court for entry of an order (the "Motion"), among other things, approving the settlement agreements entered into between the Committee and the defendants identified below and on **Exhibit "A"** attached hereto (collectively, the "Defendants"), and authorizing the Committee to settle the adversary proceedings listed below and on **Exhibit "A"** (collectively, the "Adversary Proceedings").  In exchange for a dismissal with prejudice of the Adversary Proceedings against Defendants, Defendants have agreed to pay the settlement amounts set forth in **Exhibit "A"** (the "Settlement Amounts") and attributed to the corresponding defendant.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|
| ABD Insurance and Financial Services | 2:10-AP-01348-SB |
| Acerno, Inc. / Akamai | 2:10-AP-01349-SB |
| Aetna, Inc. | 2:10-AP-01351-SB |
| Bugaboo North America | 2:10-AP-01373-SB |
| City Threads | 2:10-AP-01382-SB |
| Experian | 2:10-AP-01396-SB |
| JJ Cole Collections | 2:10-AP-01404-SB |
| UPS Capital Corporation d/b/a and a/k/a UPS | 2:10-ap-01465-SB |
| Ten Speed Press | 2:10-ap-01473-SB |
| Petunia Pickle Bottom | 2:10-ap-01430-SB |
| Regency Lighting | 2:10-ap-01438-SB |
| Under the Nile | 2:10-ap-01468-SB |
| ORE Originals | 2:10-ap-01434-SB |
| Sassafras | 2:10-ap-01441-SB |
| Kent H. Landsberg | 2:10-ap-01457-SB |
| Million Dollar Baby | 2:10-ap-01454-SB |
| Zansu | 2:10-ap-01428-SB |

This Motion is brought pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on the grounds that the Committee has determined that it is in the bankruptcy estate's best interest to settle the proposed settlement agreements entered into between the Committee and the Defendants (the "Settlement Agreements") attached hereto as **Exhibit "C"** without incurring additional administrative expenses and that the settlement is fair and reasonable.

**PLEASE TAKE FURTHER NOTICE** that any party opposing, joining, or responding to the motion shall file and serve not later than 14 days before the date designated for hearing either:  (A) A brief but complete written statement of all reasons in opposition thereto or in support or joinder thereof, an answering memorandum of points and authorities, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely.  The opposing papers shall advise the adverse party that any reply to the opposition shall be filed with the court and served on the opposing party not later than 7 calendar days (not excluding Saturdays, Sundays, and legal holidays) prior to the hearing on the motion; or, (B) A written statement that the motion will not be opposed.

1      **PLEASE TAKE FURTHER NOTICE** that failure to file and serve a timely written response may be

2  deemed by the Court to be consent to the relief requested in the Motion.    The Motion is made and based

3  upon this Notice of Motion and Motion, Bankruptcy Rule 9019, the attached Memorandum of Points and

4  Authorities and the Declarations of Ronald Tucker and Craig G. Margulies annexed hereto, the entire record

5  in this case, the statements, arguments and representations of counsel to be made at the hearing on the

6  Motion, and any other evidence properly presented to the Court at or prior to the hearing on the Motion.

7      **WHEREFORE,** the Committee respectfully requests that the Court enter an order:

8      (1)  Granting this Motion in its entirety;

9      (2)  Approving the Settlement Agreements entered into between the Committee and the Defendants;

10      (3)  Authorizing the Committee to settle the Adversary Proceedings pursuant to the terms set forth in

11  the Settlement Agreements attached as **Exhibit "C"** and consummate the settlement with the Defendants;

12  and,

13      (4)  Granting such other and further relief as this Court deems just and proper under the

14  circumstances.

15  Dated:  June 24, 2011                **LANDSBERG & ASSOCIATES**
                                          **A Professional Law Corporation**

16

17                                        By:   */s/ Ian S. Landsberg*
                                                Ian S. Landsberg
18                                              Brigitte Gomelsky
                                                Attorneys for the Official Committee of Unsecured
19                                              Creditors for Estyle, Inc.

20  Dated:  June 24, 2011                **THE MARGULIES LAW FIRM, APLC**

21

22                                        By:   */s/ Craig G. Margulies*
                                                Craig G. Margulies
23                                              Fahim Farivar
                                                Attorneys for the Official Committee of
24                                              Unsecured Creditors for Estyle, Inc.

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

#### A.    The Bankruptcy Case

1.      On March 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), assigned bankruptcy case no. 2:08-bk-13518-SB (the "Bankruptcy Case").

2.      On or about April 10, 2008, the Office of the United States Trustee appointed the Committee in this case pursuant to Section 1102 of the Bankruptcy Code

3.      Pursuant to Court Order entered November 7, 2008, the Committee is authorized to pursue avoidance actions ("Avoidance Actions") against the Defendants on behalf of the Debtor (the "Order").  A true and correct copy of the Order is attached hereto as **Exhibit "B"** and incorporated herein by this reference.

4.      The Order further provides that the terms of compensation to Committee counsel are as follows:  Committee Counsel to be paid a contingency fee equal to 33% of the funds paid by the Defendants on account of the Avoidance Actions if payment is made prior to the commencement of a trial, and 40% of the funds paid by the Defendants on account of Avoidance Actions if the matter settles within thirty (30) days prior to the date first set for trial or proceeds to trial.  In addition, Committee Counsel may reimburse itself from these funds its expenses.

5.      Accordingly, Committee Counsel seeks authority to apply 33% of the Settlement Amounts to its contingency fee as provided in the Order.

#### B.    The Adversary Proceedings

1.      On or about March 18, 2010, the Committee filed its Complaints For: (1) Avoidance and Recovery of Preferential Transfers; (2) Avoidance and Recovery of Fraudulent Transfers; (3) Preservation of Avoided Transfers; and (4) Disallowance of any Claims Held by Defendant (the "Complaints") against the Defendants, which initiated the Adversary Proceedings.

2.      The Complaints alleged, among other things, that the Defendants received preferential transfers from the Debtor in the 90 days prior to the Petition Date and that they are avoidable and recoverable as preferences under the Bankruptcy Code.

3. The Defendants have asserted certain defenses to the Complaints, including without limitation, ordinary course and new value.

4. The Committee and the Defendants have exchanged certain documents relating to the Complaints and the Defendants' potential defenses and engaged in settlement discussions. Based on those documents and discussions, the Committee determined that, given certain defenses Defendants might raise, the expenses attendant to litigation, and the limited potential recovery, it was in the best interest of creditors and the estate for the Committee to settle the Adversary Proceedings.

5. Accordingly, subject to Bankruptcy Court approval, the Committee and the Defendants agreed to settle the Adversary Proceedings for the Settlement Amounts identified on **Exhibit "A"** and for the Adversary Proceedings to be dismissed with prejudice.

6. The terms of the settlement are set forth in the proposed Settlement Agreements, true and correct copies of which are attached hereto as **Exhibit "C"**.

**C.    Summary of The Terms of The Settlement Agreements**

Recognizing the risks, costs and delays associated with litigation, the parties engaged in good faith, arm's length settlement negotiations, which were fruitful and ultimately resulted in the Settlement Agreements attached hereto as **Exhibit "C"**. The principal terms of the Settlement Agreements are as follows:

1. Defendants shall pay the Settlement Amounts indicated in **Exhibit "A"** and attributed to each corresponding defendant.

2. The Committee shall promptly seek approval of the Settlement Agreements by the Court and shall take all necessary steps to obtain an order from the Court approving the Settlement Agreements (the "Settlement Order").

3. The Settlement Agreements shall automatically become effective on the later of (a) the fifteenth calendar day after the Court enters the Settlement Order (unless such day is a Saturday, Sunday or a legal holiday, in which case the Effective Date shall be the next calendar day which is not one of the foregoing days), assuming no appeal of the Settlement Order has been filed, and (b) if an appeal of the Settlement Order has been filed by such date, on the date an order denying the appeal becomes final and non-appealable. The later of such two dates described in clauses (a) and (b) immediately above being herein referred to as the "Effective Date".

1    4.    Upon the Effective Date, and payment of the Settlement Amounts, the Committee shall

2   dismiss the Adversary Proceedings with prejudice and exchange mutual releases of any and all claims with

3   the Defendants and, other than as set forth in the Settlement Agreements and described in further detail as

4   follows:

5         a.    16 of the 17 Defendants waived its rights to an 11 U.S.C. § 502(h) claim in any

6   amount ("502(h) Waiver"). **Exhibit "A"** identifies which Settlement Agreements include a 502(h) Waiver.

7         b.    1 of the 17 Defendants have an allowed claim under 11 U.S.C. § 502(h) in the sum of

8   the Settlement Amounts attributed to each corresponding defendant. **Exhibit "A"** identifies which Settlement

9   Agreements do not include a 502(h) Waiver.

10    The Committee believes that given the defenses available to the Defendants, the cost and the

11   potential outcome of litigation with the Defendants, the proposed Settlement Agreements are in the best

12   interest of the bankruptcy estate and its creditors.  For these reasons, the proposed Settlement Agreements

13   should be approved.

14   **II.    DISCUSSION**

15   **A.    The Settlement Agreements Reflect The Sound Business Judgment Of The Committee,
       Is Fair, Reasonable And Beneficial To The Estate, And Should Be Approved**

16    Federal Rules of Bankruptcy Procedure 9019(a) sets forth the requirements for the settlement or

17   compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise.

18   The Federal Rules of Bankruptcy Procedure 9019(a) provides in pertinent part that "[o]n motion.... And after

19   notice and a hearing, the court may approve a compromise or settlement."  The decision of whether a

20   compromise should be accepted or rejected lies within the sound discretion of the court.  In re Carson, 82

21   B.R. 847, 852 (Bankr. S.D. Ohio 1987);  In re Hydronic Enterprise, Inc., 58 B.R. 363, 365 (Bankr. D.R.I. 1986);

22   In re Mobile Air Drilling Co., Inc., 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985);  Knowles v. Putterhaugh (In re

23   Hallet), 33 B.R. 564, 565 (Bankr. D.Me. 1983).

24    The Ninth Circuit Court of Appeals has determined that, in considering a proposed compromise, the

25   court must evaluate (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in

26   the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and

27   delay necessarily attendant to it; and (iv) the paramount interests of creditors and a deference to their views.

28

1 | In re A & C Properties, 764 F.2d 1377, 1381 (9th Cir. 1986). See also In re Lion Capital Group, 49 B.R. 163

2 | (Bankr. S.D. KY. 1985); Matter of Marshall, 33 B.R. 42 (Bankr. D. Conn. 1983).

3 |      It is sufficient that, after apprising itself of all facts necessary for an intelligent and objective opinion

4 | concerning the claim's validity, the court determines that either (1) the claim has a 'substantial foundation' and

5 | is not 'clearly invalid as a matter of law,' or (2) the outcome of the claim's litigation is 'doubtful'." Matter of

6 | Walsh Const., Inc., 669 F.2d 1325, 1328 (9th Cir. 1982). A court, in reviewing a proposed settlement, "is not to

7 | decide the numerous questions of law and fact but rather to canvass the issues and see whether the

8 | settlement 'fall[s] below the lowest point in the range of reasonableness.'" In re W.T. Grant & Co., 699 F.2d

9 | 599, 608 (2nd Cir. 1983), accord, Newman v. Stein, 464 F.2d 689,693 (2nd Cir. 1972). The court should not

10 | conduct a "mini-trial" on the merits of the underlying cause of action. Matter of Walsh Const., Inc., 669 F.2d

11 | 1325, 1328 (9th Cir. 1982); In re Blairu, 538 F.2d 849 (9th Cir. 1976).

12 |      The Committee submits that the Settlement Agreements with the Defendants comport with the A & C

13 | Properties standard set forth above and is in the best interests of the bankruptcy estate and all of its creditors.

14 | The four factors, pursuant to A & C Properties, to be considered in reaching the aforementioned conclusion,

15 | are as follows:

16 |         1.     The Probability of Success in the Litigation

17 |      The Committee's ability to obtain more money for the estate through litigation of the Adversary

18 | Proceedings is uncertain. There is a strong possibility that the Committee will recover less than the

19 | Settlement Amounts through litigation or nothing at all. The settlement avoids this possibility and provides the

20 | estate with a meaningful recovery. Accordingly, the probability of success element of the analysis weights in

21 | favor of approval of the settlement and the Settlement Agreements.

22 |         2.     The Difficulties in Collection

23 |      Many of the Defendants are outside the State of California, substantially increasing the costs of

24 | collection.

25 |         3.     The Complexity, Expense, Inconvenience and Delay of Litigation

26 |      The reasonableness of the settlement is also supported by the fact that settling the Adversary

27 | Proceedings will avoid further expense and inconvenience to the estate by eliminating additional litigation

28 | costs. Additionally, settlement of the Adversary Proceedings will prevent further delay of the administration of

1  this case. Therefore, the reduction in additional expenses and delay avoided by the settlement provides

2  support for its approval.

3        4.        The Interests of Creditors

4        The interests of the creditors of this estate are not served by the Committee's incurrence of additional

5  administrative expenses or the possibility that the estate may gain less than the Settlement Amounts due to

6  additional fees and costs associated with litigation and the difficulty relating to collection. By settling these

7  Adversary Proceedings, the estate obtains a result and is brought closer to final administration which

8  ultimately benefits all creditors. Therefore, under the circumstances, the Committee believes that the benefit

9  to the estate is significant, and the interests of creditors are best served by the approval of the Settlement

10  Agreements.

11        Based on the foregoing, the Committee respectfully submits that the Settlement Agreements are in

12  the best interests of the estate, and request that the Court approve the Motion.

13  **III.    CONCLUSION**

14        **WHEREFORE,** the Committee respectfully requests that the Court enter an order:

15        (1)  Granting this Motion in its entirety;

16        (2)  Approving the Settlement Agreements entered into between the Committee and the Defendants;

17        (3)  Authorizing the Committee to settle the Adversary Proceedings pursuant to the terms set forth in

18  the Settlement Agreements attached as **Exhibit "C"** and consummate the settlement with the Defendants;

19        (4)  Authorizing Committee Counsel to apply 33% of the Settlement Amounts to its contingency fee as

20  provided in the Order; and

21        (5)  Granting such other and further relief as this Court deems just and proper under the

22  circumstances.

23
Dated: June 24, 2011                                **LANDSBERG & ASSOCIATES**
24                                                    **A Professional Law Corporation**

25                                                    By:   /s/ Ian S. Landsberg
26                                                          Ian S. Landsberg
                                                          Brigitte Gomelsky
27                                                          Attorneys for the Official Committee of Unsecured
                                                          Creditors for Estyle, Inc.

28

1 | Dated:  June 24, 2011                                    **THE MARGULIES LAW FIRM, APLC**

2 |                                                          By:  */s/ Craig G. Margulies*
                                                                  Craig G. Margulies
3 |                                                                Fahim Farivar
                                                                  Attorneys for the Official Committee of Unsecured
4 |                                                                Creditors for Estyle, Inc.

5 |

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

## DECLARATION OF CRAIG G. MARGULIES

I, Craig G. Margulies, hereby declare as follows:

1.      I am an attorney at law duly licensed to practice before all courts of the State of California and am a member in good standing of the Bar of this Court. I make this declaration in support of the first omnibus motion for order approving settlement between the Debtor and certain Defendants (the "Motion").

2.      I have personal knowledge of the facts attested hereto or have gained such knowledge by review of the files and court records and if called upon as a witness could and would competently testify thereto in a court of law.

3.      On March 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), assigned bankruptcy case no. 2:08-bk-13518-SB (the "Bankruptcy Case").

4.      On or about April 10, 2008, the Office of the United States Trustee appointed the Committee in this case pursuant to Section 1102 of the Bankruptcy Code

5.      Pursuant to Court Order entered November 7, 2008, the Committee is authorized to pursue avoidance actions ("Avoidance Actions") against the Defendants on behalf of the Debtor (the "Order"). A true and correct copy of the Order is attached hereto as **Exhibit "B"** and incorporated herein by this reference.

6.      The Order further provides that the terms of compensation to Committee counsel are as follows: Committee Counsel to be paid a contingency fee equal to 33% of the funds paid by the Defendants on account of the Avoidance Actions if payment is made prior to the commencement of a trial, and 40% of the funds paid by the Defendants on account of Avoidance Actions if the matter settles within thirty (30) days prior to the date first set for trial or proceeds to trial. In addition, Committee Counsel may reimburse itself from these funds its expenses.

7.      Accordingly, Committee Counsel seeks interim authority to apply 33% of the Settlement Amounts to its contingency fee as provided in the Order.

8.      On or about March 18, 2010, the Committee filed its Complaints For: (1) Avoidance and Recovery of Preferential Transfers; (2) Avoidance and Recovery of Fraudulent Transfers; (3) Preservation of Avoided Transfers; and (4) Disallowance of any Claims Held by Defendant (the "Complaints") against the Defendants, which initiated the Adversary Proceedings.

9. The Complaints alleged, among other things, that the Defendants received preferential transfers from the Debtor in the 90 days prior to the Petition Date and that they are avoidable and recoverable as preferences under the Bankruptcy Code.

10. The Defendants have asserted certain defenses to the Complaints, including without limitation, ordinary course and new value.

11. The Committee and the Defendants have exchanged certain documents relating to the Complaints and the Defendants' potential defenses and engaged in settlement discussions. Based on those documents and discussions, the Committee determined that, given certain defenses Defendants might raise, the expenses attendant to litigation, and the limited potential recovery, it was in the best interest of creditors and the estate for the Committee to settle the Adversary Proceedings.

12. Accordingly, subject to Bankruptcy Court approval, the Committee and the Defendants agreed to settle the Adversary Proceedings for the Settlement Amounts identified on **Exhibit "A"** and for the Adversary Proceedings to be dismissed with prejudice.

13. The terms of the settlement are set forth in the proposed Settlement Agreements, true and correct copies of which are attached hereto as **Exhibit "C".**

14. Recognizing the risks, costs and delays associated with litigation, the parties engaged in good faith, arm's length settlement negotiations, which were fruitful and ultimately resulted in the Settlement Agreements attached hereto as **Exhibit "C".** The principal terms of the Settlement Agreements are as follows:

15. Defendants shall pay the Settlement Amounts indicated in **Exhibit "A"** and attributed to each corresponding defendant.

16. The Committee shall promptly seek approval of the Settlement Agreements by the Court and shall take all necessary steps to obtain an order from the Court approving the Settlement Agreements (the "Settlement Order").

17. The Settlement Agreements shall automatically become effective on the later of (a) the fifteenth calendar day after the Court enters the Settlement Order (unless such day is a Saturday, Sunday or a legal holiday, in which case the Effective Date shall be the next calendar day which is not one of the foregoing days), assuming no appeal of the Settlement Order has been filed, and (b) if an appeal of the Settlement Order has been filed by such date, on the date an order denying the appeal becomes final and non-

1  appealable.  The later of such two dates described in clauses (a) and (b) immediately above being herein

2  referred to as the "Effective Date".

3      18.    Upon the Effective Date, and payment of the Settlement Amounts, the Committee shall

4  dismiss the Adversary Proceedings with prejudice and exchange mutual releases of any and all claims with

5  the Defendants and, other than as set forth in the Settlement Agreements and described in further detail as

6  follows:

7      a.    16 of the 17 Defendants waived its rights to an 11 U.S.C. § 502(h) claim in any

8  amount ("502(h) Waiver").  **Exhibit "A"** identifies which Settlement Agreements include a 502(h) Waiver.

9      b.    1 of the 17 Defendants have an allowed claim under 11 U.S.C. § 502(h) in the sum of

10  the Settlement Amounts attributed to each corresponding defendant.  **Exhibit "A"** identifies which Settlement

11  Agreements do not include a 502(h) Waiver.

12      19.    The Committee believes that given the defenses available to the Defendants, the cost and

13  the potential outcome of litigation with the Defendants, the proposed Settlement Agreements are in the best

14  interest of the bankruptcy estate and its creditors.  For these reasons, the proposed Settlement Agreements

15  should be approved.

16      I declare under penalty of perjury that the foregoing is true and correct.

17      Executed this      day of June, 2011 at Encino, California.

18

19  Craig G. Margulies

20

21

22

23

24

25

26

27

28

## DECLARATION OF RONALD TUCKER

I, Ronald Tucker, hereby declare as follows:

1.      I am the Chair of the Official Committee of General Unsecured Creditors of Estyle, Inc., etc., the Reorganized Debtor herein ("Debtor") in the above-captioned chapter 11 case.

2.      I have personal knowledge of the facts attested hereto by virtue of my review of the files and documents contained herein and if called upon as a witness could and would competently testify thereto in a court of law.

3.      Pursuant to Court Order entered November 7, 2008, the Committee is authorized to pursue avoidance actions ("Avoidance Actions") against the Defendants on behalf of the Debtor (the "Order"). A true and correct copy of the Order is attached hereto as **Exhibit "B"** and incorporated herein by this reference.

4.      I have reviewed this second omnibus motion for order approving settlements between the Debtor and certain Defendants (the "Motion") and make this declaration in support thereof.

5.      Based upon my review of the Motion, the facts supporting the Motion, and information provided to me by Committee counsel, and based upon my best business judgment, I believe that the proposed settlements and Settlement Agreements are in the best interest of the bankruptcy estate and their creditors. I support its approval and therefore support the granting of the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this    day of June, 2011 at Indianapolis, Indiana.

_____
Ronald Tucker

## DECLARATION OF RONALD TUCKER

I, Ronald Tucker, hereby declare as follows:

1.      I am the Chair of the Official Committee of General Unsecured Creditors of Estyle, Inc., etc., the Reorganized Debtor herein ("Debtor") in the above-captioned chapter 11 case.

2.      I have personal knowledge of the facts attested hereto by virtue of my review of the files and documents contained herein and if called upon as a witness could and would competently testify thereto in a court of law.

3.      Pursuant to Court Order entered November 7, 2008, the Committee is authorized to pursue avoidance actions ("Avoidance Actions") against the Defendants on behalf of the Debtor (the "Order"). A true and correct copy of the Order is attached hereto as **Exhibit "B"** and incorporated herein by this reference.

4.      I have reviewed this third omnibus motion for order approving settlements between the Debtor and certain Defendants (the "Motion") and make this declaration in support thereof.

5.      Based upon my review of the Motion, the facts supporting the Motion, and information provided to me by Committee counsel, and based upon my best business judgment, I believe that the proposed settlements and Settlement Agreements are in the best interest of the bankruptcy estate and their creditors. I support its approval and therefore support the granting of the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of June, 2011 at Indianapolis, Indiana.

Ronald Tucker

**EXHIBIT A**

| Defendant's Name | Adv. No. | Demand Amount | Settlement Amount | 502(h) waiver | |
|---|---|---|---|---|---|
| | | | | Yes | No |
| ABD Insurance and Financial Services | 2:10-AP-01348-SB | $94,114.00 | $2,500.00 | | X |
| Acerno, Inc. / Akamai | 2:10-AP-01349-SB | $10,000.00 | $3,500.00 | X | |
| Aetna, Inc. | 2:10-AP-01351-SB | $162,078.26 | $4,000.00 | X | |
| Bugaboo North America | 2:10-AP-01373-SB | $383,814.33 | $52,500.00 | X | |
| City Threads | 2:10-AP-01382-SB | $9,513.69 | $5,500.00 | X | |
| Experian | 2:10-AP-01396-SB | $5,593.67 | $1,450.00 | X | |
| JJ Cole Collections | 2:10-AP-01404-SB | $27,366.59 | $4,500.00 | X | |
| UPS Capital Corporation d/b/a and a/k/a UPS | 2:10-ap-01465-SB | 583,412.35 | $42,500.00 | X | |
| Ten Speed Press | 2:10-ap-01473-SB | $6,280.42 | $3,140.21 | X | |
| Petunia Pickle Bottom | 2:10-ap-01430-SB | $8,784.00 | $5,000.00 | X | |
| Regency Lighting | 2:10-ap-01438-SB | $6,807.80 | $2,000.00 | X | |
| Under the Nile | 2:10-ap-01468-SB | $32,089.50 | $12,500.00 | X | |
| ORE Originals | 2:10-ap-01434-SB | $14,532.00 | $1,710.00 | X | |
| Sassafras | 2:10-ap-01441-SB | $9,809.31 | $900.00 | X | |
| Kent H. Landsberg | 2:10-ap-01457-SB | $37,484.85 | $5,000.00 | X | |
| Million Dollar Baby | 2:10-ap-01454-SB | $6,584.31 | $1,000 | X | |
| Zansu | 2:10-ap-01428-SB | $8,725.00 | $1,000.00 | X | |

EXHIBIT "B"

FILED & ENTERED

NOV 07 2008

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

1  David S. Kupetz (CA Bar No. 125062)
   Email:dkupetz@sulmeyerlaw.com
2  Mark S. Horoupian (CA Bar No. 175373)
   Email:mhoroupian@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
5  Telephone:  213.626.2311
   Facsimile:   213.629.4520
6
   Bankruptcy Counsel for eStyle, Inc.,
7  Debtor and Debtor in Possession

8             **UNITED STATES BANKRUPTCY COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

11  In re                                   Case No.  2:08-bk-13518-SB

12                                          Chapter 11
    ESTYLE, INC., a Delaware corporation,
13  dba babystyle, Cadeau, and Cadeau       **ORDER APPROVING STIPULATION**
    Designs,                                **BETWEEN DEBTOR IN POSSESSION,**
14                                          **OFFICIAL UNSECURED CREDITORS'**
                                            **COMMITTEE, AND "BRIDGE LENDERS"**
15              Debtor.                     **OAK INVESTMENT PARTNERS, IX,**
                                            **OAK IX AFFILIATES FUND, OAK IX**
16                                          **AFFILIATES FUND-A, GRP II, L.P., GRP II**
                                            **PARTNERS, L.P., AND GRP II**
17                                          **INVESTORS, L.P. REGARDING**
                                            **(1) ALLOWANCE OF BRIDGE LENDERS'**
18                                          **CLAIMS, (2) INTERIM DISTRIBUTION TO**
                                            **BRIDGE LENDERS, (3) SUBORDINATION**
19                                          **OF BRIDGE LENDERS' CLAIMS, AND**
                                            **(4) ANCILLARY RELIEF**
20
                                            **DATE:**   November 4, 2008
21                                          **TIME:**   11:00 a.m.
                                            **PLACE:**  U.S. Bankruptcy Court
22                                                      Courtroom 1575
                                                        255 East Temple Street
23                                                      Los Angeles, CA  90012

24

25  IN SAID DISTRICT, AT LOS ANGELES, CALIFORNIA, AT THE TIME AND PLACE

26  ASCRIBED ABOVE:

27         The Court conducted a hearing on the Motion for Approval of Stipulation

28  (the "Stipulation") Between Debtor in Possession, Official Unsecured Creditors'

[MSH\BANKR\522809.1]

1  Committee (the "Committee"), and 'Bridge Lenders', Oak Investment Partners, IX, Oak IX

2  Affiliates Fund, Oak IX Affiliates Fund-A, GRP II, L.P., GRP II Partners, L.P., and GRP II

3  Investors, L.P. Regarding (1) Allowance of Bridge Lenders' Claims, (2) Interim

4  Distribution to Bridge Lenders, (3) Subordination of Bridge Lenders' Claims, and (4)

5  Ancillary Relief" (the "Motion"), filed by eStyle, Inc. (the "Debtor").  Mark S. Horoupian, of

6  SulmeyerKupetz, appeared on behalf of the Debtor.  Craig Margulies, of Landsberg

7  Margulies, LLP appeared on behalf of the Committee.

8          Having considered the Motion, and good cause appearing therefore, the

9  Court **HEREBY ORDERS** as follows:

10          1.      The Motion is granted it its entirety;

11          2.      The Stipulation attached as Exhibit 1 to the Motion is approved in its

12  entirety;

13          3.      The Debtor is authorized to take such steps as are necessary to

14  implement the Stipulation, including without limitation, making the Interim Distribution, as

15  that term is defined in the Stipulation, to the Bridge Lenders.

16                                  ###

17

18

19

20

21

22  _____

23

24

25

26  DATED: November 7, 2008

27                                  United States Bankruptcy Judge

28

SulmeyerKupetz, A Professio nal Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[MSH\BANKR\522809.1]

**EXHIBIT C**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is entered into as of the ___ day of January, 2011 between (1) the Official Committee of Unsecured Creditors (the "Committee") of the Bankruptcy Estate of eStyle, Inc., dba Babystyle dba Cadeau Maternity dba Kidstyle dba Cadeau Designs dba Estork dba Babystyle.com (the "Debtor"), and (2) City Threads, Inc. (the "Defendant"), on the other hand (each a "Party" and collectively the "Parties").

### RECITALS

WHEREAS, on March 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), which is pending in the United States Bankruptcy Court for the Central District of California (the "Court").

WHEREAS, on or about April 10, 2008, the Office of the United States Trustee duly formed the Committee.

WHEREAS, via Stipulation, the Court authorized the Committee to pursue claims against the Defendant.

WHEREAS, on or about March 16, 2010, the Committee on behalf of the Debtor filed its Complaint For: (1) Avoidance and Recovery of Preferential Transfers; (2) Disallowance of any Claims Held by Defendant (the "Complaint") against the Defendant, which initiated Adversary Proceeding No. 2:10-ap-01348-PC, that is currently pending before the Court (the "Adversary Proceeding").

WHEREAS, by way of a Complaint, the Committee alleged, among other things, the Defendant received a total of $10,000 (the "Claim") in transfers from the Debtor in the 90 days prior to the Petition Date (the "Transfers") and that the Preferences are avoidable and recoverable as preferences under the Bankruptcy Code.

WHEREAS, the Defendant has asserted certain defenses to the Complaint, including without limitation, ordinary course and new value.

WHEREAS, considering the risks and costs involved in litigation, the Committee and the Defendant have agreed to settle their claims and defenses related to an impending Adversary Proceeding on terms mutually acceptable to each Party.

NOW, THEREFORE, in consideration of the promises and exchange of covenants and mutual obligations recited herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows, subject to approval by the Court:

02/17/2011  12:58     2136123714              CITY  THREADS                        PAGE  03/07

## AGREEMENT

1.    **Settlement Amount and Payment.** The Parties have agreed to settle the Claim in exchange for a payment of $5,500 (the "Settlement Amount") from Defendant to the Committee.  The Defendant shall pay the Settlement Amount to the Committee, via check made payable to "The Margulies Law Firm, APLC Trust Account," to be sent to the Committee's counsel at the address set forth below.  The Defendant shall pay $5,500 to the Committee in installments according to the following payment schedule:

- $1,000 by February 15, 2011
- $1,000 by March 15, 2011
- $1000 by April 15, 2011
- $1000 by May 15, 2011
- $1,500 by June 15, 2011

If any one of the above payments are not timely received by the Committee's counsel, this Settlement Agreement shall terminate by its own terms, and the Committee will proceed with this Adversary Proceeding against the Defendant among other things for Avoidance and Recovery of Preferential Transfers and Disallowance of any Claims Held by Defendant.

2.    **Approval of Settlement Agreement.** After the execution of this Settlement Agreement by the Parties, the Committee shall promptly seek approval of this Settlement Agreement by the Court and shall take all necessary steps to obtain an order from the Court approving this Settlement Agreement (the "Settlement Order").  The Defendant agrees to cooperate with the Committee in obtaining the Court's approval of this Settlement Agreement pursuant to a motion under Fed. R. Bankr. P. 9019.

4.    **No Admission of Liability.** This Settlement Agreement represents the compromise of disputed claims and shall not in any way be considered an admission of liability by any person, firm, corporation, governmental unit, or other entity herein named or described.

5.    **Mutual Releases.** Upon the Effective Date, and payment of the Settlement Amount, each of the Parties releases and forever discharges the other party, their respective agents, attorneys, representatives, employees, successors, assigns, parents, subsidiaries, affiliates, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses,

attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, regarding the Transfers, provided, however, that the release set forth in this paragraph shall not encompass and shall expressly except from its scope the obligations of the Parties created pursuant to the Settlement Agreement. The Defendant shall not be permitted to amend its previously filed claim(s) or file additional claims under Section 502(h) of the Bankruptcy Code for the Settlement Amount.

6.    **Civil Code Section 1542 Waiver.** Except for the obligations created herein, the Parties hereto, and each of them, hereby expressly and completely waive and relinquish any and all rights or benefits they have or may ever have pursuant to Section 1542 of the Civil Code of the State of California and any other similar provision of law or principle of equity in any jurisdiction pertaining to the matters released herein as it relates to the Transfers. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN
> BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR.

7.    **Authority of the Parties.** Except with respect to the requirement that the Committee obtain approval of this Settlement Agreement from the Court, as set forth herein, each Party represents and warrants that they have full authority to enter into and perform this Settlement Agreement, that the execution and performance of this Settlement Agreement has been duly authorized by all requisite corporate action, and that the Settlement Agreement shall be binding on the Parties.

8.    **Effective Date.** This Settlement Agreement shall automatically become effective on the later of (a) the eleventh calendar day after the Court enters the Settlement Order (unless such day is a Saturday, Sunday or a legal holiday, in which case the Effective Date shall be the next calendar day which is not one of the foregoing days), assuming no appeal of the Settlement Order has been filed, and (b) if an appeal of the Settlement Order has been filed by such date, on the date an order denying the appeal becomes final and non-appealable (the later of such two dates described in clauses (a) and (b) immediately above being herein referred to as the "Effective Date").

9.    **Failure to Approve Settlement Agreement.** If this Settlement Agreement terminates by its own terms, or if for any reason the Court does not approve this Settlement Agreement and enter the Settlement Order, or the

Settlement Order is successfully challenged on appeal, none of the Parties hereto shall in any way be construed to have prejudiced, waived or withdrawn or adversely affected any of their respective rights, claims, defenses or positions regarding the disputes, claims and controversies which they have attempted to compromise by this Settlement Agreement, and nothing contained herein shall be deemed to be an admission of any liability by any of the Parties, and except for this paragraph, this Settlement Agreement shall cease to be of any further force or effect and the Settlement Amount shall be returned to and made payable to Defendant.

10.     **Representation By Counsel.**  Each of the Parties hereto acknowledges that he or it has been represented by, or has had the opportunity to be represented by, independent counsel of his or its own choosing throughout all negotiations that preceded the execution of this Settlement Agreement.

11.     **Costs and Fees.**  Each Party shall bear its own attorney's fees and costs in connection with this Settlement Agreement and the Adversary Proceeding.

12.     **Cooperation.**  The Parties hereto mutually covenant and agree to execute any additional documents to affect the intent and purposes of this Settlement Agreement.

13.     **Litigation.**  In the event that any action is required to enforce, defend or construe any provision of this Settlement Agreement, or if any action is brought on any claim released hereby, the prevailing party shall be entitled to recover all of his or her costs and expenses, including reasonable attorney's fees, incurred in connection with such a suit.  Whether a party is a prevailing party for purposes of this provision shall be determined by the court before which such action is brought.

14.     **Headings.**  The captions and headings used in this Settlement Agreement are inserted for convenience and reference only and shall not be used in construing the provisions hereof.

15.     **Entire Agreement.**  Each Party represents and acknowledges that in executing this Settlement Agreement, it does not rely and has not relied on any representation or statement made by the other Party or by the other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement, except for representations set forth expressly in this Settlement Agreement.  This Settlement Agreement contains the entire understanding and complete agreement of the Parties with respect to the subject matter of this Settlement Agreement.  No amendment or modification of this Settlement Agreement shall be valid or binding upon the Parties hereto unless made in writing and executed by the Parties.

16.    **Construction of Agreement.** This Settlement Agreement is the product of mutual negotiation, contribution, and drafting of the parties and their attorneys, and the fact that one Party or the other, or its attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

17.    **Terms.** The terms of this Settlement Agreement are contractual, not mere recitals; this Settlement Agreement is the negotiation between and among the Parties, each of whom had participated in the drafting hereof through such Party's respective counsel.

18.    **Execution.** This Settlement Agreement has been carefully read, the contents thereof are known and understood, and it is signed freely by each Party executing this Settlement Agreement.

19.    **Governing Law.** This Settlement Agreement shall be construed in accordance with, and be governed by, the internal laws of the State of California, without regard to its conflicts of laws rules.

20.    **Jurisdiction.** Each of the Parties hereto agrees to recognize the exclusive jurisdiction of the United States Bankruptcy Court for the Central District of California, Los Angeles, to hear and resolve any dispute with respect to, or any claim that may arise out of or in connection with, this Settlement Agreement.

21.    **Addresses.** For the purposes of this agreement, the following addresses shall be used:

**COMMITTEE'S COUNSEL**
The Margulies Law Firm,
A Professional Law Corporation
Attn: Craig G. Margulies
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Phone: (818) 705-2777
Fax: (818) 705-3777
Email: cmargulies@margulies-law.com

**DEFENDANT'S COUNSEL**
Silver & Freeman, APLC
Jeffrey M. Lee
Attorney at Law
2029 Century Park East 19th Fl.
Los Angeles, CA 90067
Phone: 310-282-9444
Fax: 310-282-2544

22.    **Counterparts.** This Settlement Agreement may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF THE BANKRUPTCY ESTATE OF ESTYLE, INC.

By: _____
    Ronald M. Tucker
    Chairman of the Committee

On: _Feb 28th, 2011_
    Date

CITY THREADS, INC.

By: _____
    Sign Name

By: _JOE GILLIS_
    Print Name

Its: _Secretary of Corporation_
    Position

On: _2/17/11_
    Date

APPROVED AS TO FORM:
THE MARGULIES LAW FIRM, APLC

_____
Craig G. Margulies
Counsel for Plaintiff

SILVER & FREEMAN, APLC

_____
Jeffrey M. Lee
Counsel for Defendant

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is entered into as of the ___ day of December, 2010 between (1) the Official Committee of Unsecured Creditors (the "Committee") of the Bankruptcy Estate of eStyle, Inc., dba Babystyle dba Cadeau Maternity dba Kidstyle dba Cadeau Designs dba Estork dba Babystyle.com (the "Debtor"), and (2). ABD Insurance & Financial Services (the "Defendant"), on the other hand (each a "Party" and collectively the "Parties").

## RECITALS

WHEREAS, on March 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), which is pending in the United States Bankruptcy Court for the Central District of California (the "Court").

WHEREAS, on or about April 10, 2008, the Office of the United States Trustee duly formed the Committee.

WHEREAS, via Stipulation, the Court authorized the Committee to pursue claims against the Defendant.

WHEREAS, on or about March 16, 2010, the Committee on behalf of the Debtor filed its Complaint For: (1) Avoidance and Recovery of Preferential Transfers; (2) Disallowance of any Claims Held by Defendant (the "Complaint") against the Defendant, which initiated Adversary Proceeding No. 2:10-ap-01348-PC, that is currently pending before the Court (the "Adversary Proceeding").

WHEREAS, by way of the Demand Letter, the Committee alleged, among other things, the Defendant received a total of $94,114.00 (the "Claim") in transfers from the Debtor in the 90 days prior to the Petition Date (the "Transfers") and that the Preferences are avoidable and recoverable as preferences under the Bankruptcy Code.

WHEREAS, the Defendant has asserted certain defenses to the Complaint, including without limitation, ordinary course and new value.

WHEREAS, considering the risks and costs involved in litigation, the Committee and the Defendant have agreed to settle their claims and defenses related to a impending Adversary Proceeding on terms mutually acceptable to each Party.

NOW, THEREFORE, in consideration of the promises and exchange of covenants and mutual obligations recited herein, and other good and valuable consideration, the

receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows, subject to approval by the Court:

## AGREEMENT

1.    <u>Settlement Amount and Payment.</u>  The Parties have agreed to settle the Claim in exchange for a payment of $6,500 (the "Settlement Amount") from Defendant to the Committee.  The Defendant shall pay the Settlement Amount to the Committee, via check made payable to "The Margulies Law Firm, APLC Trust Account," to be sent to the Committee's counsel at the address set forth below, so that the Settlement Amount is received no later than January 7, 2011.  If the Settlement Amount is not timely received by the Committee's counsel, this Settlement Agreement shall terminate by its own terms, and the Committee will proceed to file an Adversary Proceeding against the Defendant among other things for Avoidance and Recovery of Preferential Transfers and Disallowance of any Claims Held by Defendant.

2.    <u>Approval of Settlement Agreement.</u>  After the execution of this Settlement Agreement by the Parties, the Committee shall promptly seek approval of this Settlement Agreement by the Court and shall take all necessary steps to obtain an order from the Court approving this Settlement Agreement (the "Settlement Order").  The Defendant agrees to cooperate with the Committee in obtaining the Court's approval of this Settlement Agreement pursuant to a motion under Fed. R. Bankr. P. 9019.

4.    <u>No Admission of Liability.</u>  This Settlement Agreement represents the compromise of disputed claims and shall not in any way be considered an admission of liability by any person, firm, corporation, governmental unit, or other entity herein named or described.

5.    <u>Mutual Releases</u>.  Upon the Effective Date, and payment of the Settlement Amount, each of the Parties releases and forever discharges the other party, their respective agents, attorneys, representatives, employees, successors, assigns, parents, subsidiaries, affiliates, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, regarding the Transfers, <u>provided</u>, <u>however</u>, that the release set forth in this paragraph shall not encompass and shall expressly except from its scope

the obligations of the Parties created pursuant to the Settlement Agreement. The Defendant shall be permitted to amend its previously filed claim(s) and file additional claims under Section 502(h) of the Bankruptcy Code for the Settlement Amount.

6.    Civil Code Section 1542 Waiver. Except for the obligations created herein, the Parties hereto, and each of them, hereby expressly and completely waive and relinquish any and all rights or benefits they have or may ever have pursuant to Section 1542 of the Civil Code of the State of California and any other similar provision of law or principle of equity in any jurisdiction pertaining to the matters released herein as it relates to the Transfers. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

7.    Authority of the Parties. Except with respect to the requirement that the Committee obtain approval of this Settlement Agreement from the Court, as set forth herein, each Party represents and warrants that they have full authority to enter into and perform this Settlement Agreement, that the execution and performance of this Settlement Agreement has been duly authorized by all requisite corporate action, and that the Settlement Agreement shall be binding on the Parties.

8.    Effective Date. This Settlement Agreement shall automatically become effective on the later of (a) the eleventh calendar day after the Court enters the Settlement Order (unless such day is a Saturday, Sunday or a legal holiday, in which case the Effective Date shall be the next calendar day which is not one of the foregoing days), assuming no appeal of the Settlement Order has been filed, and (b) if an appeal of the Settlement Order has been filed by such date, on the date an order denying the appeal becomes final and non-appealable (the later of such two dates described in clauses (a) and (b) immediately above being herein referred to as the "Effective Date").

9.    Failure to Approve Settlement Agreement. If this Settlement Agreement terminates by its own terms, or if for any reason the Court does not approve this Settlement Agreement and enter the Settlement Order, or the Settlement Order is successfully challenged on appeal, none of the Parties hereto shall in any way be

construed to have prejudiced, waived or withdrawn or adversely affected any of their respective rights, claims, defenses or positions regarding the disputes, claims and controversies which they have attempted to compromise by this Settlement Agreement, and nothing contained herein shall be deemed to be an admission of any liability by any of the Parties, and except for this paragraph, this Settlement Agreement shall cease to be of any further force or effect and the Settlement Amount shall be returned to and made payable to Defendant.

10.    Representation By Counsel.  Each of the Parties hereto acknowledges that he or it has been represented by, or has had the opportunity to be represented by, independent counsel of his or its own choosing throughout all negotiations that preceded the execution of this Settlement Agreement.

11.    Costs and Fees.  Each Party shall bear its own attorney's fees and costs in connection with this Settlement Agreement and the Adversary Proceeding.

12.    Cooperation.  The Parties hereto mutually covenant and agree to execute any additional documents to affect the intent and purposes of this Settlement Agreement.

13.    Litigation.  In the event that any action is required to enforce, defend or construe any provision of this Settlement Agreement, or if any action is brought on any claim released hereby, the prevailing party shall be entitled to recover all of his or her costs and expenses, including reasonable attorney's fees, incurred in connection with such a suit.  Whether a party is a prevailing party for purposes of this provision shall be determined by the court before which such action is brought.

14.    Headings. The captions and headings used in this Settlement Agreement are inserted for convenience and reference only and shall not be used in construing the provisions hereof.

15.    Entire Agreement.  Each Party represents and acknowledges that in executing this Settlement Agreement, it does not rely and has not relied on any representation or statement made by the other Party or by the other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement, except for representations set forth expressly in this Settlement Agreement.  This Settlement Agreement contains the entire understanding and complete agreement of the Parties with respect to the subject matter of this Settlement Agreement. No amendment or modification of this Settlement Agreement shall be valid or binding upon the Parties hereto unless made in writing and executed by the Parties.

16.    <u>Construction of Agreement</u>. This Settlement Agreement is the product of mutual negotiation, contribution, and drafting of the parties and their attorneys, and the fact that one Party or the other, or its attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

17.    <u>Terms</u>. The terms of this Settlement Agreement are contractual, not mere recitals; this Settlement Agreement is the negotiation between and among the Parties, each of whom had participated in the drafting hereof through such Party's respective counsel.

18.    <u>Execution</u>. This Settlement Agreement has been carefully read, the contents thereof are known and understood, and it is signed freely by each Party executing this Settlement Agreement.

19.    <u>Governing Law</u>. This Settlement Agreement shall be construed in accordance with, and be governed by, the internal laws of the State of California, without regard to its conflicts of laws rules.

20.    <u>Jurisdiction</u>. Each of the Parties hereto agrees to recognize the exclusive jurisdiction of the United States Bankruptcy Court for the Central District of California, Los Angeles, to hear and resolve any dispute with respect to, or any claim that may arise out of or in connection with, this Settlement Agreement.

21.    <u>Addresses</u>. For the purposes of this agreement, the following addresses shall be used:

<u>COMMITTEE'S COUNSEL</u>
The Margulies Law Firm,
A Professional Law Corporation
Attn: Craig G. Margulies
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Phone: (818) 705-2777
Fax: (818) 705-3777
Email: cmargulies@margulies-law.com

<u>DEFENDANT'S COUNSEL</u>
Joe Campo
Lewis, Brisbois
221 N. Figueroa St.
Los Angeles, CA 90012
Phone: 213-680-5072
Fax: 213-250-7900

22.   <u>Counterparts.</u>  This Settlement Agreement may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE BANKRUPTCY
ESTATE OF ESTYLE, INC.

By: _____
      Ronald M. Tucker
      Chairman of the Committee

On: _____
      Date

ABD Insurance & Financial Services

By: _____
      Sign Name

On: ___1/4/11_____
      Date

APPROVED AS TO FORM:
THE MARGULIES LAW FIRM, APLC

_____
Craig G. Margulies
Counsel for Plaintiff

LEWIS, BRISBOIS

_____
Counsel for Defendant, ABD Insurance & Financial Services

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is entered into as of the ___ day of February, 2011 between (1) the Official Committee of Unsecured Creditors (the "Committee") of the Bankruptcy Estate (the "Estate") of eStyle, Inc., dba Babystyle dba Cadeau Maternity dba Kidstyle dba Cadeau Designs dba Estork dba Babystyle.com (the "Debtor"), and (2) Acemo, Inc aka Akamai Technologies, Inc. (the "Defendant"), on the other hand (each a "Party" and collectively the "Parties").

## RECITALS

WHEREAS, on March 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), which is pending in the United States Bankruptcy Court for the Central District of California (the "Court").

WHEREAS, on or about April 10, 2008, the Office of the United States Trustee duly formed the Committee.

WHEREAS, via Stipulation, the Court authorized the Committee to pursue claims against the Defendant.

WHEREAS, on or about March 16, 2010, the Committee on behalf of the Debtor filed its Complaint For: (1) Avoidance and Recovery of Preferential Transfers; (2) Disallowance of any Claims Held by Defendant (the "Complaint") against the Defendant, which initiated Adversary Proceeding No. 2:10-ap-01348-PC, that is currently pending before the Court (the "Adversary Proceeding").

WHEREAS, by way of the Demand Letter, the Committee alleged, among other things, the Defendant received a total of $10,000 (the "Claim") in transfers from the Debtor in the 90 days prior to the Petition Date (the "Transfers") and that the Preferences are avoidable and recoverable as preferences under the Bankruptcy Code.

WHEREAS, the Defendant has asserted certain defenses to the Complaint, including without limitation, ordinary course and new value.

WHEREAS, considering the risks and costs involved in litigation, the Committee and the Defendant have agreed to settle their claims and defenses related to a impending Adversary Proceeding on terms mutually acceptable to each Party.

NOW, THEREFORE, in consideration of the promises and exchange of covenants and mutual obligations recited herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows, subject to approval by the Court:

## AGREEMENT

1.    **Settlement Amount and Payment.** The Parties have agreed to settle the Claim in exchange for a payment of $3,500 (the "Settlement Amount") from Defendant to the Committee.  The Defendant shall pay the Settlement Amount to the Committee, via check made payable to "The Margulies Law Firm, APLC Trust Account," to be sent to the Committee's counsel at the address set forth below, so that the Settlement Amount is received no later than  March 15, 2011.  If the Settlement Amount is not timely received by the Committee's counsel, this Settlement Agreement shall terminate by its own terms, and the Committee will proceed to file an Adversary Proceeding against the Defendant among other things for Avoidance and Recovery of Preferential Transfers and Disallowance of any Claims Held by Defendant.

2.    **Approval of Settlement Agreement.**  After the execution of this Settlement Agreement by the Parties, the Committee shall promptly seek approval of this Settlement Agreement by the Court and shall take all necessary steps to obtain an order from the Court approving this Settlement Agreement (the "Settlement Order").  The Defendant agrees to cooperate with the Committee in obtaining the Court's approval of this Settlement Agreement pursuant to a motion under Fed. R. Bankr. P. 9019.

4.    · · **No Admission of Liability.**  This Settlement Agreement represents the compromise of disputed claims and shall not in any way be considered an admission of liability by any person, firm, corporation, governmental unit, or other entity herein named or described.

5.    **Mutual Releases.**  Upon the Effective Date, and payment of the Settlement Amount, each of the Parties releases and forever discharges the other party, their respective agents, attorneys, representatives, employees, successors, assigns, parents, subsidiaries, affiliates, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, regarding the Transfers, provided, however, that the release set forth in this paragraph shall not encompass and shall expressly except from its scope the obligations of the Parties created pursuant to the Settlement Agreement.  The Defendant shall not be permitted to amend its previously filed claim(s) or file additional claims under Section 502(h) of the Bankruptcy Code for the Settlement Amount.  In addition, the Committee represents and warrants that it has the sole and exclusive authority to assert claims under Chapter 5 of the Bankruptcy Code on behalf of the Estate, and by this release, on behalf of the Estate, waives and releases any and all claims of the Estate against Defendant arising under Chapter 5 of the Bankruptcy Code.

6.    **Civil Code Section 1542 Waiver.**  Except for the obligations created herein, the Parties hereto, and each of them, hereby expressly and completely waive and relinquish any and all rights or benefits they have or may ever have pursuant to Section 1542 of the Civil Code of the State of California and any other similar provision of law or

principle of equity in any jurisdiction pertaining to the matters released herein as it relates to the Transfers. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

7.    **Authority of the Parties.**  Except with respect to the requirement that the Committee obtain approval of this Settlement Agreement from the Court, as set forth herein, each Party represents and warrants that they have full authority to enter into and perform this Settlement Agreement, that the execution and performance of this Settlement Agreement has been duly authorized by all requisite corporate action, and that the Settlement Agreement shall be binding on the Parties.

8.    **Effective Date.**  This Settlement Agreement shall automatically become effective on the later of (a) the eleventh calendar day after the Court enters the Settlement Order (unless such day is a Saturday, Sunday or a legal holiday, in which case the Effective Date shall be the next calendar day which is not one of the foregoing days), assuming no appeal of the Settlement Order has been filed, and (b) if an appeal of the Settlement Order has been filed by such date, on the date an order denying the appeal becomes final and non-appealable (the later of such two dates described in clauses (a) and (b) immediately above being herein referred to as the "Effective Date").

9.    **Failure to Approve Settlement Agreement.**  If this Settlement Agreement terminates by its own terms, or if for any reason the Court does not approve this Settlement Agreement and enter the Settlement Order, or the Settlement Order is successfully challenged on appeal, none of the Parties hereto shall in any way be construed to have prejudiced, waived or withdrawn or adversely affected any of their respective rights, claims, defenses or positions regarding the disputes, claims and controversies which they have attempted to compromise by this Settlement Agreement, and nothing contained herein shall be deemed to be an admission of any liability by any of the Parties, and except for this paragraph, this Settlement Agreement shall cease to be of any further force or effect and the Settlement Amount shall be returned to and made payable to Defendant.

10.    **Representation By Counsel.**  Each of the Parties hereto acknowledges that he or it has been represented by, or has had the opportunity to be represented by, independent counsel of his or its own choosing throughout all negotiations that preceded the execution of this Settlement Agreement.

11.    **Costs and Fees.**  Each Party shall bear its own attorney's fees and costs in connection with this Settlement Agreement and the Adversary Proceeding.

12.    **Cooperation.**  The Parties hereto mutually covenant and agree to execute any additional documents to affect the intent and purposes of this Settlement Agreement.

13.    **Litigation.**  In the event that any action is required to enforce, defend or construe any provision of this Settlement Agreement, or if any action is brought on any claim released hereby, the prevailing party shall be

entitled to recover all of his or her costs and expenses, including reasonable attorney's fees, incurred in connection with such a suit. Whether a party is a prevailing party for purposes of this provision shall be determined by the court before which such action is brought.

14.    **Headings.** The captions and headings used in this Settlement Agreement are inserted for convenience and reference only and shall not be used in construing the provisions hereof.

15.    **Entire Agreement.** Each Party represents and acknowledges that in executing this Settlement Agreement, it does not rely and has not relied on any representation or statement made by the other Party or by the other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement, except for representations set forth expressly in this Settlement Agreement. This Settlement Agreement contains the entire understanding and complete agreement of the Parties with respect to the subject matter of this Settlement Agreement. No amendment or modification of this Settlement Agreement shall be valid or binding upon the Parties hereto unless made in writing and executed by the Parties.

16.    **Construction of Agreement.** This Settlement Agreement is the product of mutual negotiation, contribution, and drafting of the parties and their attorneys, and the fact that one Party or the other, or its attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

17.    **Terms.** The terms of this Settlement Agreement are contractual, not mere recitals; this Settlement Agreement is the negotiation between and among the Parties, each of whom had participated in the drafting hereof through such Party's respective counsel.

18.    **Execution.** This Settlement Agreement has been carefully read, the contents thereof are known and understood, and it is signed freely by each Party executing this Settlement Agreement.

19.    **Governing Law.** This Settlement Agreement shall be construed in accordance with, and be governed by, the internal laws of the State of California, without regard to its conflicts of laws rules.

20.    **Jurisdiction.** Each of the Parties hereto agrees to recognize the exclusive jurisdiction of the United States Bankruptcy Court for the Central District of California, Los Angeles, to hear and resolve any dispute with respect to, or any claim that may arise out of or in connection with, this Settlement Agreement.

21.    **Addresses.** For the purposes of this agreement, the following addresses shall be used:

**COMMITTEE'S COUNSEL**
The Margulies Law Firm,
A Professional Law Corporation
Attn: Craig G. Margulies
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Phone: (818) 705-2777
Fax: (818) 705-3777  .
Email: cmargulies@margulies-law.com

**DEFENDANT'S COUNSEL**
George Hofmann
Parsons Kinghorn Harris

111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Phone: (801) 415-0132
Fax: (801) 363-4378
Email: Gbh@pkhlawyers.com

22.    **Counterparts.** This Settlement Agreement may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF THE BANKRUPTCY ESTATE OF ESTYLE, INC.

By: _____
    Ronald M. Tucker
    Chairman of the Committee

On: _____
    Date

Acerno, Inc aka Akamai Technologies, Inc.

By: _____
    Sign Name

By: Aaron S. Ahola_____
    Print Name

Its: Vice President, Deputy General Counsel and Chief
Privacy Officer
    Position

On: March 1, 2011_____
    Date

APPROVED AS TO FORM:
THE MARGULIES LAW FIRM, APLC

_____
Craig G. Margulies
Counsel for Plaintiff

PARSONS KINGHORN HARRIS

_____
George Hofmann
Counsel for Defendant

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is entered into as of the 25th day of May 2011 between (1) the Official Committee of Unsecured Creditors (the "Committee") of the Bankruptcy Estate of eStyle, Inc., dba Babystyle dba Cadeau Maternity dba Kidstyle dba Cadeau Designs dba Estork dba Babystyle.com (the "Debtor"), on the one hand, and (2) Aetna, Inc. (the "Defendant"), on the other hand (each a "Party" and collectively the "Parties").

### RECITALS

**WHEREAS**, on March 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), which is pending in the United States Bankruptcy Court for the Central District of California (the "Court").

**WHEREAS**, on or about April 10, 2008, the Office of the United States Trustee duly formed the Committee.

**WHEREAS**, via Stipulation, the Court authorized the Committee to pursue claims against the Defendant.

**WHEREAS**, on or about March 16, 2010, the Committee on behalf of the Debtor filed its Complaint For: (1) Avoidance and Recovery of Preferential Transfers; (2) Disallowance of any Claims Held by Defendant (the "Complaint") against the Defendant, which initiated Adversary Proceeding No. 2:10-ap-13518-SB, that is currently pending before the Court (the "Adversary Proceeding").

**WHEREAS**, by way of the Demand Letter, the Committee alleged, among other things, the Defendant received a total of $162,078.26 (the "Claim") in transfers from the Debtor in the 90 days prior to the Petition Date (the "Transfers") and that the Preferences are avoidable and recoverable as preferences under the Bankruptcy Code.

**WHEREAS**, the Defendant has asserted certain defenses to the Complaint, including without limitation, 11 U.S.C. § 502(h), ordinary course and new value.

**WHEREAS**, considering the risks and costs involved in litigation, the Committee and the Defendant have agreed to settle their claims and defenses related to the Adversary Proceeding on terms mutually acceptable to each Party.

**NOW, THEREFORE**, in consideration of the promises and exchange of covenants and mutual obligations recited herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows, subject to approval by the Court:

## AGREEMENT

1.    **Settlement Amount and Payment.**  The Parties have agreed to settle the Claim in exchange for a payment of $4,000 (the "Settlement Amount") from Defendant to the Committee. The Defendant shall pay the Settlement Amount to the Committee, via check made payable to "The Margulies Law Firm, APLC Trust Account," to be sent to the Committee's counsel at the address set forth below, so that the Settlement Amount is received no later than fifteen (15) days after the Settlement Agreement is executed by both Parties. If the Settlement Amount is not timely received by the Committee's counsel, this Settlement Agreement shall terminate by its own terms.

2.    **Approval of Settlement Agreement.**  After the execution of this Settlement Agreement by the Parties, the Committee shall promptly seek approval of this Settlement Agreement by the Court and shall take all necessary steps to obtain an order from the Court approving this Settlement Agreement (the "Settlement Order"). The Defendant agrees to cooperate with the Committee in obtaining the Court's approval of this Settlement Agreement pursuant to a motion under Fed. R. Bankr. P. 9019.

4.    **No Admission of Liability.**  This Settlement Agreement represents the compromise of disputed claims and shall not in any way be considered an admission of liability by any person, firm, corporation, governmental unit, or other entity herein named or described.

5.    **Mutual Releases.**  Upon the Effective Date (as defined in paragraph 8 below), and payment of the Settlement Amount, each of the Parties releases and forever discharges the other party, their respective agents, attorneys, representatives, employees, successors, assigns, parents, subsidiaries, affiliates, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, arising from, related to or based upon the Complaint, the Adversary Proceeding or the Transfers, or which could have been brought in the Adversary Proceeding or any other adversary proceeding by the Debtor or Committee, provided, however, that the release set forth in this paragraph shall not encompass and shall expressly except from its scope the obligations of the Parties created pursuant to the Settlement Agreement. The Defendant shall **not** be permitted to file additional claims under Section 502(h) of the Bankruptcy Code for the Settlement Amount.

6.    **Civil Code Section 1542 Waiver.**  Except for the obligations created herein, the Parties hereto, and each of them, hereby expressly and completely waive and relinquish any and all rights or benefits they have or may ever have pursuant to Section 1542 of the Civil Code of the State of California and any other similar provision of law or principle of equity in any jurisdiction pertaining to the matters released herein as it relates to the Transfers. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Each Party agrees to assume the risk of any and all unknown, unanticipated or misunderstood defenses, claims, causes of action, contracts, liabilities, obligations and indentures, and hereby waives, releases and forever discharges all rights and benefits that such Party has or might otherwise have under section 1542 of the California Civil Code (and any statute, rule or legal doctrine of any other jurisdiction of similar import) regarding such unknown, unanticipated or misunderstood defenses, claims, causes of action, contracts, liabilities, obligations and indentures arising out of the matters subject to this Settlement Agreement based on events that have occurred on or before the execution date of this Settlement Agreement. Each Party understands and accepts the risk that it may have substantial claims or damages that have not yet manifested, or that are presently unknown, or that have not yet been identified, and each Party nonetheless intends to and does voluntarily and deliberately release these possible claims and defenses arising from the subject matter of the Transfers.

7.    **Authority of the Parties.** Except with respect to the requirement that the Committee obtain approval of this Settlement Agreement from the Court, as set forth herein, each Party represents and warrants that it has full authority to enter into and perform this Settlement Agreement, that the execution and performance of this Settlement Agreement has been duly authorized by all requisite corporate action, and that the Settlement Agreement shall be binding on the Parties.

8.    **Effective Date.** This Settlement Agreement shall automatically become effective on the later of (a) the eleventh calendar day after the Court enters the Settlement Order (unless such day is a Saturday, Sunday or a legal holiday, in which case the Effective Date shall be the next calendar day which is not one of the foregoing days), assuming no appeal of the Settlement Order has been filed, and (b) if an appeal of the Settlement Order has been filed by such date, on the date an order denying the appeal becomes final and non-appealable (the later of such two dates described in clauses (a) and (b) immediately above being herein referred to as the "Effective Date").

9.    **Failure to Approve Settlement Agreement.** If this Settlement Agreement terminates by its own terms, or if for any reason the Court does not approve this Settlement Agreement and enter the Settlement Order, or the Settlement Order is successfully challenged on appeal, none of the Parties hereto shall in any way be construed to have prejudiced, waived or withdrawn or adversely affected any of their respective rights, claims, defenses or positions regarding the disputes, claims and controversies which they have attempted to compromise by this Settlement Agreement, and nothing contained herein shall be deemed to be an admission of any liability by any of the Parties, and except for this paragraph, this Settlement Agreement shall cease to be of any further force or effect and the Settlement Amount shall be returned to and made payable to Defendant within thirty (30) calendar days of termination.

10.    **Representation By Counsel.** Each of the Parties hereto acknowledges that he or it has been represented by, or has had the opportunity to be represented by, independent counsel of his or its own choosing throughout all negotiations that preceded the execution of this Settlement Agreement.

11.    **Costs and Fees.** Each Party shall bear its own attorney's fees and costs in connection with this Settlement Agreement and the Adversary Proceeding.

12.    **Cooperation.** The Parties hereto mutually covenant and agree to execute any additional documents to affect the intent and purposes of this Settlement Agreement.

13.    **Litigation**.    In the event that any action is required to enforce, defend or construe any provision of this Settlement Agreement, or if any action is brought on any claim released hereby, the prevailing party shall be entitled to recover all of its costs and expenses, including reasonable attorney's fees, incurred in connection with such a suit.  Whether a party is a prevailing party for purposes of this provision shall be determined by the court before which such action is brought.

14.    **Headings**. The captions and headings used in this Settlement Agreement are inserted for convenience and reference only and shall not be used in construing the provisions hereof.

15.    **Entire Agreement**.    .Each Party represents and acknowledges that in executing this Settlement Agreement, it does not rely and has not relied on any representation or statement made by the other Party or by the other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement, except for representations set forth expressly in this Settlement Agreement.    This Settlement Agreement contains the entire understanding and complete agreement of the Parties with respect to the subject matter of this Settlement Agreement.  No amendment or modification of this Settlement Agreement shall be valid or binding upon the Parties hereto unless made in writing and executed by the Parties.

16.    **Construction of Agreement**. This Settlement Agreement is the product of mutual negotiation, contribution, and drafting of the parties and their attorneys, and the fact that one Party or the other, or its attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

17.    **Terms**.  The terms of this Settlement Agreement are contractual, not mere recitals; this Settlement Agreement is the negotiation between and among the Parties, each of whom had participated in the drafting hereof through such Party's respective counsel.

18.    **Execution**.  This Settlement Agreement has been carefully read, the contents thereof are known and understood, and it.is signed freely by each Party executing this Settlement Agreement.

19.    **Governing Law**.  This Settlement Agreement shall be construed in accordance with, and be governed by, the internal laws of the State of California, without regard to its conflicts of laws rules.

20.    **Jurisdiction**.  Each of the Parties hereto agrees to recognize the exclusive jurisdiction of the United States Bankruptcy Court for the Central District of California, Los Angeles, to hear and resolve any dispute with respect to, or any claim that may arise out of or in connection with, this Settlement Agreement.

21.    **Addresses**.  For the purposes of this Settlement Agreement, the following addresses shall be used:

**COMMITTEE'S COUNSEL**
The Margulies Law Firm, APLC
Attn: Craig G. Margulies
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Phone: (818) 705-2777
Fax: (818) 705-3777
Email: cmargulies@margulies-law.com

**DEFENDANT'S COUNSEL**
Sedgwick LLP
Robert S. Gebhard
Matthew a. Fischer
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
Email: robert.gebhard@sedgwicklaw.xom

22.    **Counterparts.**    This Settlement Agreement may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE BANKRUPTCY ESTATE OF
ESTYLE, INC.

By: _____
　　　Ronald M. Tucker
　　　Chairman of the Committee

On: _5/31/11_____
　　　Date

AETNA, INC.

By: _____
　　　Sign Name

By: _David B. Rowe_____
　　　Print Name

Its: _Representative_____
　　　Position

On: _5-25-11_____
　　　Date

APPROVED AS TO FORM:

THE MARGULIES LAW FIRM, APLC

_____
Craig G. Margulies
Counsel for Plaintiff

SEDGWICK LLP

_____
Matthew A. Fischer
Counsel for Defendant

Page 5 of 5

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is entered into as of the 23rd day of February, 2011 between (1) the Official Committee of Unsecured Creditors (the "Committee") of the Bankruptcy Estate of eStyle, Inc., dba Babystyle dba Cadeau Maternity dba Kidstyle dba Cadeau Designs dba Estork dba Babystyle.com (the "Debtor"), and (2) Bugaboo North America, Inc. (the "Defendant"), on the other hand (each a "Party" and collectively the "Parties").

### RECITALS

WHEREAS, on March 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), which is pending in the United States Bankruptcy Court for the Central District of California (the "Court").

WHEREAS, on or about April 10, 2008, the Office of the United States Trustee duly formed the Committee.

WHEREAS, via Stipulation, the Court authorized the Committee to pursue claims against the Defendant.

WHEREAS, on or about March 16, 2010, the Committee on behalf of the Debtor filed its Complaint For: (1) Avoidance and Recovery of Preferential Transfers; (2) Disallowance of any Claims Held by Defendant (the "Complaint") against the Defendant, which initiated Adversary Proceeding No. 2:10-ap-01348-PC, that is currently pending before the Court (the "Adversary Proceeding").

WHEREAS, by way of a Complaint, the Committee alleged, among other things, the Defendant received a total of $383,814.33 (the "Claim") in transfers from the Debtor in the 90 days prior to the Petition Date (the "Transfers") and that the Preferences are avoidable and recoverable as preferences under the Bankruptcy Code.

WHEREAS, the Defendant has asserted certain defenses to the Complaint, including without limitation, ordinary course and new value.

WHEREAS, considering the risks and costs involved in litigation, the Committee and the Defendant have agreed to settle their claims and defenses related to an impending Adversary Proceeding on terms mutually acceptable to each Party.

NOW, THEREFORE, in consideration of the promises and exchange of covenants and mutual obligations recited herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows, subject to approval by the Court:

1137995.2

## AGREEMENT

1.    **Settlement Amount and Payment.** The Parties have agreed to settle the Claim in exchange for a payment of $52,500 (the "Settlement Amount") from Defendant to the Committee. The Defendant shall pay the Settlement Amount to the Committee, via wire transfer made payable to "The Margulies Law Firm, APLC Trust Account," so that the Settlement Amount is received no later than February 28, 2011. If the Settlement Amount is not timely received by the Committee's counsel, this Settlement Agreement shall terminate by its own terms.

2.    **Approval of Settlement Agreement.** After the execution of this Settlement Agreement by the Parties, the Committee shall promptly seek approval of this Settlement Agreement by the Court and shall take all necessary steps to obtain an order from the Court approving this Settlement Agreement (the "Settlement Order"). The Defendant agrees to cooperate with the Committee in obtaining the Court's approval of this Settlement Agreement pursuant to a motion under Fed. R. Bankr. P. 9019.

3.    **Discontinuance of Adversary Proceeding.** Upon the Court's approval of the Settlement Agreement, counsel for the Committee shall discontinue with prejudice the Adversary Proceeding.

4.    **No Admission of Liability.** This Settlement Agreement represents the compromise of disputed claims and shall not in any way be considered an admission of liability by any person, firm, corporation, governmental unit, or other entity herein named or described.

5.    **Mutual Releases.** Upon the Effective Date, and payment of the Settlement Amount, each of the Parties releases and forever discharges the other party, their respective agents, attorneys, representatives, employees, successors, assigns, parents, subsidiaries, affiliates, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, regarding the Transfers, provided, however, that the release set forth in this paragraph shall not encompass and shall expressly except from its scope the obligations of the Parties created pursuant to the Settlement Agreement. The Defendant shall **not** be permitted to amend its previously filed claim(s) or file additional claims under Section 502(h) of the Bankruptcy Code for the Settlement Amount.

1137995.2

6.    <u>Supporting Documents</u>.  Defendant shall send the Committee's counsel, at the address set forth below, a sampling of documents, including invoices, that support its new value and ordinary course defenses by no later than March 15, 2011.

7.    <u>Civil Code Section 1542 Waiver</u>.  Except for the obligations created herein, the Parties hereto, and each of them, hereby expressly and completely waive and relinquish any and all rights or benefits they have or may ever have pursuant to Section 1542 of the Civil Code of the State of California and any other similar provision of law or principle of equity in any jurisdiction pertaining to the matters released herein as it relates to the Transfers. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

8.    <u>Authority of the Parties</u>.  Except with respect to the requirement that the Committee obtain approval of this Settlement Agreement from the Court, as set forth herein, each Party represents and warrants that they have full authority to enter into and perform this Settlement Agreement, that the execution and performance of this Settlement Agreement has been duly authorized by all requisite corporate action, and that the Settlement Agreement shall be binding on the Parties.

9.    <u>Effective Date</u>.  This Settlement Agreement shall automatically become effective on the later of (a) the eleventh calendar day after the Court enters the Settlement Order (unless such day is a Saturday, Sunday or a legal holiday, in which case the Effective Date shall be the next calendar day which is not one of the foregoing days), assuming no appeal of the Settlement Order has been filed, and (b) if an appeal of the Settlement Order has been filed by such date, on the date an order denying the appeal becomes final and non-appealable (the later of such two dates described in clauses (a) and (b) immediately above being herein referred to as the "Effective Date").

10.    <u>Failure to Approve Settlement Agreement</u>.  If this Settlement Agreement terminates by its own terms, or if for any reason the Court does not approve this Settlement Agreement and enter the Settlement Order, or the Settlement Order is successfully challenged on appeal, none of the Parties hereto shall in any way be construed to have prejudiced, waived or withdrawn or adversely affected any of their respective rights, claims, defenses or positions

regarding the disputes, claims and controversies which they have attempted to compromise by this Settlement Agreement, and nothing contained herein shall be deemed to be an admission of any liability by any of the Parties, and except for this paragraph, this Settlement Agreement shall cease to be of any further force or effect and the Settlement Amount shall be returned to and made payable to Defendant.

11.    Representation By Counsel. Each of the Parties hereto acknowledges that he or it has been represented by, or has had the opportunity to be represented by, independent counsel of his or its own choosing throughout all negotiations that preceded the execution of this Settlement Agreement.

12.    Costs and Fees. Each Party shall bear its own attorney's fees and costs in connection with this Settlement Agreement and the Adversary Proceeding.

13.    Cooperation. The Parties hereto mutually covenant and agree to execute any additional documents to affect the intent and purposes of this Settlement Agreement.

14.    Litigation. In the event that any action is required to enforce, defend or construe any provision of this Settlement Agreement, or if any action is brought on any claim released hereby, the prevailing party shall be entitled to recover all of his or her costs and expenses, including reasonable attorney's fees, incurred in connection with such a suit. Whether a party is a prevailing party for purposes of this provision shall be determined by the court before which such action is brought.

15.    Headings. The captions and headings used in this Settlement Agreement are inserted for convenience and reference only and shall not be used in construing the provisions hereof.

16.    Entire Agreement. Each Party represents and acknowledges that in executing this Settlement Agreement, it does not rely and has not relied on any representation or statement made by the other Party or by the other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement, except for representations set forth expressly in this Settlement Agreement. This Settlement Agreement contains the entire understanding and complete agreement of the Parties with respect to the subject matter of this Settlement Agreement. No amendment or modification of this Settlement Agreement shall be valid or binding upon the Parties hereto unless made in writing and executed by the Parties.

17.    Construction of Agreement. This Settlement Agreement is the product of mutual negotiation, contribution, and drafting of the parties and their attorneys, and the fact that one Party or the other, or its attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

1137995.2

18. **Terms.** The terms of this Settlement Agreement are contractual, not mere recitals; this Settlement Agreement is the negotiation between and among the Parties, each of whom had participated in the drafting hereof through such Party's respective counsel.

19. **Execution.** This Settlement Agreement has been carefully read, the contents thereof are known and understood, and it is signed freely by each Party executing this Settlement Agreement.

20. **Governing Law.** This Settlement Agreement shall be construed in accordance with, and be governed by, the internal laws of the State of California, without regard to its conflicts of laws rules.

21. **Jurisdiction.** Each of the Parties hereto agrees to recognize the exclusive jurisdiction of the United States Bankruptcy Court for the Central District of California, Los Angeles, to hear and resolve any dispute with respect to, or any claim that may arise out of or in connection with, this Settlement Agreement.

22. **Addresses.** For the purposes of this agreement, the following addresses shall be used:

**COMMITTEE'S COUNSEL**
The Margulies Law Firm,
A Professional Law Corporation
Attn: Craig G. Margulies
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Phone: (818) 705-2777
Fax: (818) 705-3777
Email: cmargulies@margulies-law.com

**DEFENDANT'S COUNSEL**
Phillips Nizer LLP
Jeremy D. Richardson
666 Fifth Avenue
New York, New York 10103-0084
Phone: (212) 841-0541
Fax: (212) 262-5152
Email: jrichardson@phillipsnizer.com

23. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument.



IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF THE BANKRUPTCY ESTATE OF ESTYLE, INC.

By: _____

Ronald M. Tucker
Chairman of the Committee

On: _March 4th, 2011_____
Date

Bugaboo North America, Inc.

By: _____
Sign Name

By: __Kari Boiler_____
Print Name

Its: _President Bugaboo America____
Position

On: __2-28-2011_____
Date

1137995.2

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is entered into as of the ___ day of December 2010 between (1) the Official Committee of Unsecured Creditors (the "Committee") of the Bankruptcy Estate of eStyle, Inc., dba Babystyle dba Cadeau Maternity dba Kidstyle dba Cadeau Designs dba Estork dba Babystyle.com (the "Debtor"), (2) the Debtor; and (3) Experian (the "Defendant"), on the other hand (each a "Party" and collectively the "Parties").

### RECITALS

WHEREAS, on March 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), thereby initiating a bankruptcy case which is pending in the United States Bankruptcy Court for the Central District of California (the "Court").

WHEREAS, on or about April 10, 2008, the Office of the United States Trustee duly formed the Committee.

WHEREAS, via Stipulation, the Court authorized the Committee to pursue claims against the Defendant.

WHEREAS, on or about March 17, 2010, the Committee on behalf of the Debtor filed its Complaint For: (1) Avoidance and Recovery of Preferential Transfers; (2) Disallowance of any Claims Held by Defendant (the "Complaint") against the Defendant, which initiated Adversary Proceeding No. 2:10-AP-01396-SB, that is currently pending before the Court (the "Adversary Proceeding").

WHEREAS, by way of the Demand Letter, the Committee alleged, among other things, the Defendant received a total of $5,593.67 (the "Claim") in transfers from the Debtor in the 90 days prior to the Petition Date (the "Transfers") and that the Preferences are avoidable and recoverable as preferences under the Bankruptcy Code.

WHEREAS, the Defendant has asserted certain defenses to the Complaint, including without limitation, ordinary course and new value.

WHEREAS, considering the risks and costs involved in litigation, the Committee and the Defendant have agreed to settle their claims and defenses related to an impending Adversary Proceeding on terms mutually acceptable to each Party.

NOW, THEREFORE, in consideration of the promises and exchange of covenants and mutual obligations recited herein, and other good and valuable consideration, the receipt and

sufficiency of which are hereby expressly acknowledged, the Parties agree as follows, subject to approval by the Court:

## AGREEMENT

1. **Settlement Amount and Payment.** The Parties have agreed to settle the Claim in exchange for a payment of $1,450 (the "Settlement Amount") from Defendant to the Committee. The Defendant shall pay the Settlement Amount to the Committee, via check made payable to "The Margulies Law Firm, APLC Trust Account," to be sent to the Committee's counsel at the address set forth below, so that the Settlement Amount is received no later than December 30, 2010. If the Settlement Amount is not timely received by the Committee's counsel, this Settlement Agreement shall terminate by its own terms, and the Committee will proceed to file an Adversary Proceeding against the Defendant among other things for Avoidance and Recovery of Preferential Transfers and Disallowance of any Claims Held by Defendant.

2. **Approval of Settlement Agreement.** After the execution of this Settlement Agreement by the Parties, the Committee shall promptly seek approval of this Settlement Agreement by the Court and shall take all necessary steps to obtain an order from the Court approving this Settlement Agreement (the "Settlement Order"). The Defendant agrees to cooperate with the Committee in obtaining the Court's approval of this Settlement Agreement pursuant to a motion under Fed. R. Bankr. P. 9019.

3. **No Admission of Liability.** This Settlement Agreement represents the compromise of disputed claims and shall not in any way be considered an admission of liability by any person, firm, corporation, governmental unit, or other entity herein named or described.

4. **Mutual Releases.** Upon the Effective Date, and payment of the Settlement Amount, Experian on the one hand, and the Committee and the Debtor on the other, each releases and forever discharges the other party, their respective agents, attorneys, representatives, employees, successors, assigns, parents, subsidiaries, affiliates, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, provided, however, that the release set forth in this paragraph shall not encompass and shall expressly except from its scope the obligations of the Parties created pursuant to the Settlement Agreement or any claim previously filed by the Defendant. The Defendant shall

not be permitted to amend its previously filed claim(s) or file additional claims under Section 502(h) of the Bankruptcy Code for the Settlement Amount.

5. **Civil Code Section 1542 Waiver**. Except for the obligations created herein, the Parties hereto, and each of them, hereby expressly and completely waive and relinquish any and all rights or benefits they have or may ever have pursuant to Section 1542 of the Civil Code of the State of California and any other similar provision of law or principle of equity in any jurisdiction pertaining to the matters released herein as it relates to the Transfers. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

6. **Authority of the Parties**. Except with respect to the requirement that the Committee obtain approval of this Settlement Agreement from the Court, as set forth herein, each Party represents and warrants that they have full authority to enter into and perform this Settlement Agreement, that the execution and performance of this Settlement Agreement has been duly authorized by all requisite corporate action, and that the Settlement Agreement shall be binding on the Parties.

7. **Effective Date**. This Settlement Agreement shall automatically become effective on the later of (a) the fifteenth calendar day after the Court enters the Settlement Order (unless such day is a Saturday, Sunday or a legal holiday, in which case the Effective Date shall be the next calendar day which is not one of the foregoing days), assuming no appeal of the Settlement Order has been filed, and (b) if an appeal of the Settlement Order has been filed by such date, on the date an order denying the appeal becomes final and non-appealable (the later of such two dates described in clauses (a) and (b) immediately above being herein referred to as the "Effective Date").

8. **Failure to Approve Settlement Agreement**. If this Settlement Agreement terminates by its own terms, or if for any reason the Court does not approve this Settlement Agreement and enter the Settlement Order, or the Settlement Order is successfully challenged on

appeal, none of the Parties hereto shall in any way be construed to have prejudiced, waived or withdrawn or adversely affected any of their respective rights, claims, defenses or positions regarding the disputes, claims and controversies which they have attempted to compromise by this Settlement Agreement, and nothing contained herein shall be deemed to be an admission of any liability by any of the Parties, and except for this paragraph, this Settlement Agreement shall cease to be of any further force or effect and the Settlement Amount shall be returned to and made payable to Defendant.

9.    **Representation By Counsel.** Each of the Parties hereto acknowledges that he or it has been represented by, or has had the opportunity to be represented by, independent counsel of his or its own choosing throughout all negotiations that preceded the execution of this Settlement Agreement.

10.    **Costs and Fees.**  Each Party shall bear its own attorney's fees and costs in connection with this Settlement Agreement and the Adversary Proceeding.

11.    **Cooperation.**  The Parties hereto mutually covenant and agree to execute any additional documents to affect the intent and purposes of this Settlement Agreement.

12.    **Litigation.**  In the event that any action is required to enforce, defend or construe any provision of this Settlement Agreement, or if any action is brought on any claim released hereby, the prevailing party shall be entitled to recover all of his or her costs and expenses, including reasonable attorney's fees, incurred in connection with such a suit. Whether a party is a prevailing party for purposes of this provision shall be determined by the court before which such action is brought.

13.    **Headings.** The captions and headings used in this Settlement Agreement are inserted for convenience and reference only and shall not be used in construing the provisions hereof.

14.    **Entire Agreement.** Each Party represents and acknowledges that in executing this Settlement Agreement, it does not rely and has not relied on any representation or statement made by the other Party or by the other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement, except for representations set forth expressly in this Settlement Agreement.  This Settlement Agreement contains the entire understanding and complete agreement of the Parties with respect to the subject matter of this Settlement Agreement.  No amendment or modification of this Settlement Agreement shall be valid or binding upon the Parties hereto unless made in writing and executed by the Parties.

15. **Construction of Agreement**. This Settlement Agreement is the product of mutual negotiation, contribution, and drafting of the parties and their attorneys, and the fact that one Party or the other, or its attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

16. **Terms**. The terms of this Settlement Agreement are contractual, not mere recitals; this Settlement Agreement is the negotiation between and among the Parties, each of whom had participated in the drafting hereof through such Party's respective counsel.

17. **Execution**. This Settlement Agreement has been carefully read, the contents thereof are known and understood, and it is signed freely by each Party executing this Settlement Agreement.

18. **Governing Law**. This Settlement Agreement shall be construed in accordance with, and be governed by, the internal laws of the State of California, without regard to its conflicts of laws rules.

19. **Jurisdiction**. Each of the Parties hereto agrees to recognize the exclusive jurisdiction of the United States Bankruptcy Court for the Central District of California, Los Angeles, to hear and resolve any dispute with respect to, or any claim that may arise out of or in connection with, this Settlement Agreement.

20. **Addresses**. For the purposes of this agreement, the following addresses shall be used:

**COMMITTEE'S COUNSEL**
The Margulies Law Firm,
A Professional Law Corporation
Attn: Craig G. Margulies
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Phone: (818) 705-2777
Fax: (818) 705-3777
Email: cmargulies@margulies-law.com

**DEBTOR'S COUNSEL**
David S Kupetz
Sulmeyer Kupetz
333 S Hope St 35th Fl
Los Angeles, CA 90071
213-626-2311
Email: dkupetz@sulmeyerlaw.com

**DEFENDANT'S COUNSEL**
Jeremy C. Kleinman
Frank/Gecker LLP
325 North LaSalle St., Suite 625
Chicago, IL 60654
Phone: (312) 276-1407
Fax: (312) 276-1400

21.    **Counterparts.**  This Settlement Agreement may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

**OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE BANKRUPTCY ESTATE OF
ESTYLE, INC. D/B/A BABYSTYLE D/B/A CADEAU
MATERNITY D/B/A KIDSTYLE D/B/A CADEAU
DESIGNS D/B/A ESTORK DBA BABYSTYLE.COM**

By: _Donald M Tucker_
    Chairman of the Committee
On: _12/27/10_
    Date

**ESTYLE, INC. D/B/A BABYSTYLE D/B/A CADEAU MATERNITY D/B/A
KIDSTYLE D/B/A CADEAU DESIGNS D/B/A ESTORK DBA BABYSTYLE.COM**

By: _____
    Sign Name

    _1/7/11_

EXPERIAN

By: _____
    Sign Name

By: _____STEPHEN W GRANT_____
    Print Name

Its: _____FINANCE DIRECTOR_____
    Position

On: _____12/13/10_____
    Date

**APPROVED AS TO FORM:**
THE MARGULIES LAW FIRM, APLC

_____

Counsel for Plaintiff

FRANK/GECKER LLP

_____
Jeremy C. Kleinman
Counsel for Defendant, Experian

Page 7 of 7

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is entered into as of the 14 day of October, 2010 between (1) the Official Committee of Unsecured Creditors (the "Committee") of the Bankruptcy Estate of eStyle, Inc., dba Babystyle dba Cadeau Maternity dba Kidstyle dba Cadeau Designs dba Estork dba Babystyle.com (the "Debtor"), and (2) JJ Cole Collections (the "Defendant"), on the other hand (each a "Party" and collectively the "Parties").

### RECITALS

**WHEREAS**, on March 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), which is pending in the United States Bankruptcy Court for the Central District of California (the "Court").

**WHEREAS**, on or about April 10, 2008, the Office of the United States Trustee duly formed the Committee.

**WHEREAS**, via Stipulation, the Court authorized the Committee to pursue claims against the Defendant.

**WHEREAS**, on or about March 17, 2010, the Committee on behalf of the Debtor filed its Complaint For: (1) Avoidance and Recovery of Preferential Transfers; (2) Disallowance of any Claims Held by Defendant (the "Complaint") against the Defendant, which initiated Adversary Proceeding No. 2:10-ap-01480-SB, that is currently pending before the Court (the "Adversary Proceeding").

**WHEREAS**, by way of the Demand Letter dated February 5, 2010, the Committee alleged, among other things, the Defendant received a total of $27,366.59 (the "Claim") in transfers from the Debtor in the 90 days prior to the Petition Date (the "Transfers") and that the Transfers are avoidable and recoverable as preferences under the Bankruptcy Code.

**WHEREAS**, the Defendant has asserted certain defenses to the Claim, including without limitation, ordinary course and new value.

**WHEREAS**, considering the risks and costs involved in litigation, the Committee and the Defendant have agreed to settle their claims and defenses related to the Adversary Proceeding on terms mutually acceptable to each Party.

**NOW, THEREFORE**, in consideration of the promises and exchange of covenants and mutual obligations recited herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows, subject to approval by the Court:

### AGREEMENT

1.      **Settlement Amount and Payment.**  The Parties have agreed to settle the Claim in exchange for a payment of $4,500.00 (the "Settlement Amount") from Defendant to the Committee.  The Defendant shall pay the Settlement Amount to the Committee, via a cashier or regular check made payable to "The Margulies Law Firm, APLC Trust Account," to be sent to the Committee's counsel at the address set forth below, so that the Settlement Amount is received to later of the Effective Date or December 10, 2010.  If the Settlement Amount is not timely received by the Committee's counsel, this Settlement Agreement shall terminate by its own terms, and the Committee will proceed with the Adversary Proceeding against the Defendant among other things for Avoidance and Recovery of Preferential Transfers and Disallowance of any Claims Held by Defendant.

2.      **Approval of Settlement Agreement.**  After the execution of this Settlement Agreement by the Parties, the Committee shall promptly seek approval of this Settlement Agreement by the Court and shall take all necessary steps to obtain an order from the Court approving this Settlement Agreement (the "Settlement Order").  The Defendant agrees to cooperate with the Committee in obtaining the Court's approval of this Settlement Agreement pursuant to a motion under Fed. R. Bankr. P. 9019.  However, the Defendant need not to appear in court to obtain such approval.

4.      **No Admission of Liability.**  This Settlement Agreement represents the compromise of disputed claims and shall not in any way be considered an admission of liability by any person, firm, corporation, governmental unit, or other entity herein named or described.

5.      **Mutual Releases.**  Upon the Effective Date, and payment of the Settlement Amount, the Committee (on behalf of the Debtor's bankruptcy estate) and the Defendant release and forever discharges the other party, their respective agents, attorneys, representatives, employees, successors, assigns, parents, subsidiaries, affiliates, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, regarding the Transfers, provided, however, that the release set forth in this paragraph shall not encompass and shall expressly except from its scope the obligations of the Parties created pursuant to the Settlement Agreement and the Defendant's previously filed claim.  The Defendant shall also waive its right to any claim previously filed by the Defendant in the Debtor's Bankruptcy Case, and the Defendant shall not be permitted to amend its previously filed claim(s) or file additional claims under §502(h) of the Bankruptcy Code for the Settlement Amount.

6.      **Civil Code Section 1542 Waiver.**  Except for the obligations created herein, the Parties hereto, and each of them, hereby expressly and completely waive and relinquish any and

all rights or benefits they have or may ever have pursuant to Section 1542 of the Civil Code of the State of California and any other similar provision of law or principle of equity in any jurisdiction pertaining to the matters released herein as it relates to the Transfers. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

7.    **Authority of the Parties**.  Except with respect to the requirement that the Committee obtain approval of this Settlement Agreement from the Court, as set forth herein, each Party represents and warrants that they have full authority to enter into and perform this Settlement Agreement, that the execution and performance of this Settlement Agreement has been duly authorized by all requisite corporate action, and that the Settlement Agreement shall be binding on the Parties.

8.    **Effective Date**.  This Settlement Agreement shall automatically become effective on the later of (a) the fifteenth calendar day after the Court enters the Settlement Order (unless such day is a Saturday, Sunday or a legal holiday, in which case the Effective Date shall be the next calendar day which is not one of the foregoing days), assuming no appeal of the Settlement Order has been filed, and (b) if an appeal of the Settlement Order has been filed by such date, on the date an order denying the appeal becomes final and non-appealable (the later of such two dates described in clauses (a) and (b) immediately above being herein referred to as the "Effective Date").

9.    **Failure to Approve Settlement Agreement.**  If this Settlement Agreement terminates by its own terms, or if for any reason the Court does not approve this Settlement Agreement and enter the Settlement Order, or the Settlement Order is successfully challenged on appeal, none of the Parties hereto shall in any way be construed to have prejudiced, waived or withdrawn or adversely affected any of their respective rights, claims, defenses or positions regarding the disputes, claims and controversies which they have attempted to compromise by this Settlement Agreement, and nothing contained herein shall be deemed to be an admission of any liability by any of the Parties, and except for this paragraph, this Settlement Agreement shall cease to be of any further force or effect and the Settlement Amount shall be returned to and made payable to Defendant.

10.    **Representation By Counsel.**  Each of the Parties hereto acknowledges that he or it has been represented by, or has had the opportunity to be represented by, independent

counsel of his or its own choosing throughout all negotiations that preceded the execution of this Settlement Agreement.

11. **Costs and Fees**. Each Party shall bear its own attorney's fees and costs in connection with this Settlement Agreement and the Adversary Proceeding.

12. **Cooperation**. The Parties hereto mutually covenant and agree to execute any additional documents to affect the intent and purposes of this Settlement Agreement.

13. **Litigation**. In the event that any action is required to enforce, defend or construe any provision of this Settlement Agreement, or if any action is brought on any claim released hereby, the prevailing party shall be entitled to recover all of his or her costs and expenses, including reasonable attorney's fees, incurred in connection with such a suit. Whether a party is a prevailing party for purposes of this provision shall be determined by the court before which such action is brought.

14. **Headings**. The captions and headings used in this Settlement Agreement are inserted for convenience and reference only and shall not be used in construing the provisions hereof.

15. **Entire Agreement**. Each Party represents and acknowledges that in executing this Settlement Agreement, it does not rely and has not relied on any representation or statement made by the other Party or by the other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement, except for representations set forth expressly in this Settlement Agreement. This Settlement Agreement contains the entire understanding and complete agreement of the Parties with respect to the subject matter of this Settlement Agreement. No amendment or modification of this Settlement Agreement shall be valid or binding upon the Parties hereto unless made in writing and executed by the Parties.

16. **Construction of Agreement**. This Settlement Agreement is the product of mutual negotiation, contribution, and drafting of the parties and their attorneys, and the fact that one Party or the other, or its attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

17. **Terms**. The terms of this Settlement Agreement are contractual, not mere recitals; this Settlement Agreement is the negotiation between and among the Parties, each of whom had participated in the drafting hereof through such Party's respective counsel.

18. **Execution**. This Settlement Agreement has been carefully read, the contents thereof are known and understood, and it is signed freely by each Party executing this Settlement Agreement.

19. **Governing Law**. This Settlement Agreement shall be construed in accordance with, and be governed by, the internal laws of the State of California, without regard to its conflicts of laws rules.

    20.    **Jurisdiction.**  Each of the Parties hereto agrees to recognize the exclusive jurisdiction of the United States Bankruptcy Court for the Central District of California, Los Angeles, to hear and resolve any dispute with respect to, or any claim that may arise out of or in connection with, this Settlement Agreement.

    21.    **Addresses.**  For the purposes of this agreement, the following addresses shall be used:

> **COMMITTEE'S COUNSEL**
> The Margulies Law Firm, A Professional Law Corporation
> Attn: Craig G. Margulies
> 16030 Ventura Boulevard, Suite 470
> Encino, CA 91436
> Fax: (818) 705-2777
> Email: cmargulies@margulies-law.com
>
> **DEFENDANT'S COUNSEL**
> McKay, Burton & Thurman
> Jeremy Sink
> 170 South Main Street
> Suite 800
> Salt Lake City, Utah 84101
> (801)521-4135
> (801)521-4252 (fax)

    22.    **Counterparts.**  This Settlement Agreement may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument.

    **IN WITNESS WHEREOF**, this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE BANKRUPTCY ESTATE
OF ESTYLE, INC.

By: _Ronald M. Tucker_
    Ronald M. Tucker
    Chairman of the Committee

On: _1/12/10_
    Date

JJ COLE COLLECTIONS

By: _White Pine LLC, owner of dba JJ Cole Collections as set_
    Print Name   _forth in affidavit_

By: _Eric Eliason_
    Sign Name

Its: _COO White Pine LLC_

Page 5 of 6

Position

On: __10/29/2010_____
    Date

**APPROVED AS TO FORM:**
THE MARGULIES LAW FIRM, APLC

_____
Craig G. Margulies, Counsel for Plaintiff

MCKAY, BURTON & THURMAN

_____
Jeremy Sink, Esq., Counsel for Defendant

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is entered into as of the _8th_ day of December 2010 between (1) the Official Committee of Unsecured Creditors (the "Committee") of the Bankruptcy Estate of eStyle, Inc., dba Babystyle dba Cadeau Maternity dba Kidstyle dba Cadeau Designs dba Estork dba Babystyle.com (the "Debtor"), and (2) ORE' ORIGINALS, Inc. (the "Defendant"), on the other hand (each a "Party" and collectively the "Parties").

## RECITALS

**WHEREAS**, on March 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), which is pending in the United States Bankruptcy Court for the Central District of California (the "Court").

**WHEREAS**, on or about April 10, 2008, the Office of the United States Trustee duly formed the Committee.

**WHEREAS**, the Debtor's Third Amended Chapter 11 Plan specifically provides that Plaintiff shall have the authority to pursue, prosecute and settle claims against the Defendant on behalf of the Debtor.

**WHEREAS**, on or about March 18, 2010, the Committee filed its Complaint For: (1) Avoidance and Recovery of Preferential Transfers; (2) Avoidance and Recovery of Fraudulent Transfers; (3) Preservation of Avoided Transfers; and (4) Disallowance of any Claims Held by Defendant (the "Complaint") against the Defendant, which initiated Adversary Proceeding No. 2:10-ap-01434-SB that is currently pending before the Court (the "Adversary Proceeding").

**WHEREAS,** by way of the Complaint, the Committee alleged, among other things, the Defendant received a total of $14,532.00 (the "Claim") in transfers from the Debtor in the 90 days prior to the Petition Date (the "Transfers") and that the Transfers are avoidable and recoverable as preferences under the Bankruptcy Code.

**WHEREAS**, the Defendant has asserted certain defenses to the Complaint, including without limitation, ordinary course and new value.

**WHEREAS**, considering the risks and costs involved in litigation, the Committee and the Defendant have agreed to settle their claims and defenses related to an impending Adversary Proceeding on terms mutually acceptable to each Party.

**NOW, THEREFORE**, in consideration of the promises and exchange of covenants and mutual obligations recited herein, and other good and valuable consideration, the receipt and

sufficiency of which are hereby expressly acknowledged, the Parties agree as follows, subject to approval by the Court:

**AGREEMENT**

1.      **Settlement Amount and Payment.** The Parties have agreed to settle the Claim in exchange for a payment of **$1,710.00** (the "Settlement Amount") from Defendant to the Committee, subject to final approval by the Committee and the Court. The Defendant shall pay the Settlement Amount to the Committee, via check made payable to "Landsberg & Associates, A Professional Law Corporation Trust Account," to be sent to the Committee's counsel at the address set forth below, so that the Settlement Amount is received no later than December 13, 2010. The executed Settlement Agreement shall also be received prior to this date. If the Settlement Amount is not timely received by the Committee's counsel, this Settlement Agreement shall terminate by its own terms.

2.      **Approval of Settlement Agreement**.   After the execution of this Settlement Agreement by the Parties, the Committee shall promptly seek approval of this Settlement Agreement by the Court and shall take all necessary steps to obtain an order from the Court approving this Settlement Agreement (the "Settlement Order").  The Defendant agrees to cooperate with the Committee in obtaining the Court's approval of this Settlement Agreement pursuant to a motion under Fed. R. Bankr. P. 9019.

3.      **Effective Date**.  This Settlement Agreement shall automatically become effective on the later of (a) the fifteenth calendar day after the Court enters the Settlement Order (unless such day is a Saturday, Sunday or a legal holiday, in which case the Effective Date shall be the next calendar day which is not one of the foregoing days), assuming no appeal of the Settlement Order has been filed, and (b) if an appeal of the Settlement Order has been filed by such date, on the date an order denying the appeal becomes final and non-appealable (the later of such two dates described in clauses (a) and (b) immediately above being herein referred to as the "Effective Date").

4.      **Dismissal of Adversary Proceeding**.  Upon the Effective Date, and payment of the Settlement Amount, the Committee shall promptly seek dismissal of the Adversary Proceeding, with prejudice, pursuant to a stipulation to dismiss or a notice of dismissal under Rule 41 of the Federal Rules of Civil Procedure, and shall take all necessary steps to effect the dismissal of the Adversary Proceeding with prejudice. The Defendant agrees to cooperate with the Committee in connection therewith.

5.     **No Admission of Liability**. This Settlement Agreement represents the compromise of disputed claims and shall not in any way be considered an admission of liability by any person, firm, corporation, governmental unit, or other entity herein named or described.

6.     **Mutual Releases**.  Except as provided herein, upon the Effective Date, and payment of the Settlement Amount, each of the Parties releases and forever discharges the other party, their respective agents, attorneys, representatives, employees, officers, directors, successors, assigns, parents, subsidiaries, affiliates, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, in any way related to or arising from the Transfers, the Complaint, the Claim, and/or the Adversary Proceeding. Defendant shall not be permitted to amend its previously filed claim(s) or file additional claims under Section 502(h) of the Bankruptcy Code for the Settlement Amount.

7.     **Civil Code Section 1542 Waiver**.  Except for the obligations created herein, the Parties hereto, and each of them, hereby expressly and completely waive and relinquish any and all rights or benefits they have or may ever have pursuant to Section 1542 of the Civil Code of the State of California and any other similar provision of law or principle of equity in any jurisdiction pertaining to the matters released herein as it relates to the Transfers. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

8.     **Authority of the Parties**.  Except with respect to the requirement that the Committee obtain approval of this Settlement Agreement from the Court, as set forth herein, each Party represents and warrants that they have full authority to enter into and perform this Settlement Agreement, that the execution and performance of this Settlement Agreement has been duly authorized by all requisite corporate action, and that the Settlement Agreement shall be binding on the Parties.

9.    **Failure to Approve Settlement Agreement.** If this Settlement Agreement terminates by its own terms, or if for any reason the Court does not approve this Settlement Agreement and enter the Settlement Order, or the Settlement Order is successfully challenged on appeal, none of the Parties hereto shall in any way be construed to have prejudiced, waived or withdrawn or adversely affected any of their respective rights, claims, defenses or positions regarding the disputes, claims and controversies which they have attempted to compromise by this Settlement Agreement, and nothing contained herein shall be deemed to be an admission of any liability by any of the Parties, and except for this paragraph, this Settlement Agreement shall cease to be of any further force or effect and the Settlement Amount shall be returned to and made payable to Defendant.

10.    **Representation By Counsel.** Each of the Parties hereto acknowledges that he or it has been represented by, or has had the opportunity to be represented by, independent counsel of his or its own choosing throughout all negotiations that preceded the execution of this Settlement Agreement.

11.    **Costs and Fees**.    Each Party shall bear its own attorney's fees and costs in connection with this Settlement Agreement and the Adversary Proceeding.

12.    **Cooperation**.    The Parties hereto mutually covenant and agree to execute any additional documents to affect the intent and purposes of this Settlement Agreement.

13.    **Litigation**.    In the event that any action is required to enforce, defend or construe any provision of this Settlement Agreement, or if any action is brought on any claim released hereby, the prevailing party shall be entitled to recover all of his or her costs and expenses, including reasonable attorney's fees, incurred in connection with such a suit.    Whether a party is a prevailing party for purposes of this provision shall be determined by the court before which such action is brought.

14.    **Headings**.    The captions and headings used in this Settlement Agreement are inserted for convenience and reference only and shall not be used in construing the provisions hereof.

15.    **Entire Agreement**.    Each Party represents and acknowledges that in executing this Settlement Agreement, it does not rely and has not relied on any representation or statement made by the other Party or by the other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement, except for representations set forth expressly in this Settlement Agreement.    This Settlement Agreement contains the entire

understanding and complete agreement of the Parties with respect to the subject matter of this Settlement Agreement. No amendment or modification of this Settlement Agreement shall be valid or binding upon the Parties hereto unless made in writing and executed by the Parties.

16.    **Construction of Agreement**. This Settlement Agreement is the product of mutual negotiation, contribution, and drafting of the parties and their attorneys, and the fact that one Party or the other, or its attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

17.    **Terms**. The terms of this Settlement Agreement are contractual, not mere recitals; this Settlement Agreement is the negotiation between and among the Parties, each of whom had participated in the drafting hereof through such Party's respective counsel.

18.    **Execution**. This Settlement Agreement has been carefully read, the contents thereof are known and understood, and it is signed freely by each Party executing this Settlement Agreement.

19.    **Governing Law**. This Settlement Agreement shall be construed in accordance with, and be governed by, the internal laws of the State of California, without regard to its conflicts of laws rules.

20.    **Jurisdiction**. Each of the Parties hereto agrees to recognize the exclusive jurisdiction of the United States Bankruptcy Court for the Central District of California, Los Angeles, to hear and resolve any dispute with respect to, or any claim that may arise out of or in connection with, this Settlement Agreement.

21.    **Addresses**. For the purposes of this agreement, the following addresses shall be used:

> **COMMITTEE'S COUNSEL**
> Landsberg & Associates, A Professional Law Corporation
> Attn: Ian S. Landsberg, Esq.
> 16030 Ventura Boulevard, Suite 470
> Encino, CA 91436
> Phone: (818) 705-2777
> Fax: (818) 705-3777
> Email: ilandsberg@landsberg-law.com

> **DEFENDANT'S COUNSEL**
> Creim Macias Koenig & Frey LLP
> Attn: Richard C. Macias, Esq.

633 West 5th Street, 51st Floor
Los Angeles, CA 900701
Phone: (213) 614-1944
Fax: (213) 614-1961
Email: rmacias@cmkllp.com

22. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, this Settlement Agreement is hereby executed as of the date first written above by a duly authorized agent of each party.

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE BANKRUPTCY ESTATE OF ESTYLE, INC. DBA BABYSTYLE DBA CADEAU MATERNITY DBA KIDSTYLE DBA CADEAU DESIGNS DBA ESTORK DBA BABYSTYLE.COM**

By: _____
    Ronald M. Tucker
    Chairman of the Committee

On: _____
    Date

**ORE ORIGINALS**

By: _LISA LOWE_____
    Print Name

By: _____
    Sign Name

Its: _President_____
    Position

On: _12-8-10_____
    Date

**[SIGNATURES ON FOLLOWING PAGE]**

**APPROVED AS TO FORM:**

LANDSBERG & ASSOCIATES
A Professional Law Corporation


_____
Ian S. Landsberg, Esq.
Counsel for Plaintiff


CREIM MACIAS KOENIG & FREY LLP


_____
Richard C. Macias, Esq.
Counsel for Defendant